IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
–Northern Division–

PEOPLE FOR THE ETHICAL
TREATMENT OF ANIMALS, INC.,

*Plaintiff*

–v–

TRI-STATE ZOOLOGICAL PARK OF
WESTERN MARYLAND, INC., *et al.*,

*Defendants.*

Case No. 8:20-cv-01225

### DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and 12(b)(6)

Now Come the Defendants and file this Reply to the Plaintiffs' Opposition to the

Motion to Dismiss the Plaintiffs' Complaint, and state as follows:

**1.     The Plaintiffs still fail to show that they have stated a claim based upon any right common to the general public or that they have standing in this case**

The Plaintiffs' reliance upon *Pa. Soc. for Prevention of Cruelty to Animals v.*

*Bravo Enterprises, Inc.*, 237 A.2d 324 (Pa. 1968), is misplaced, given that the Supreme

Court of Pennsylvania found that the plaintiff in that case had no standing.[1] In that case,

the plaintiff sued for injunctive relief to prevent a bullfighting event. At that time in

---

[1] It is often enjoyable to read the purple prose of Judge Musmanno—however, as was frequently the case, Judge Musmanno was the dissenting voice in this decision.

Pennsylvania, the plaintiff PASPCA, as a recognized society for the prevention of cruelty to animals-- a status that has never been granted to PETA by any state, to the best of Defendants' knowledge-- had been granted by statute a sort of quasi-governmental charge to specifically authorize it to seize any animals used for fighting or baiting. *Id*. at 362. Despite that status, the Supreme Court of Pennsylvania found that the PASPCA lacked standing, stating, *Id*. at 362:

> Nor are we persuaded that the S.P.C.A. either enjoys any greater property right in the prevention of such offenses or suffers injury to any greater degree than the general public when violations of the law relating to cruelty to animals occur. This being so, it has long been established in Pennsylvania that the injunction of such a public nuisance must be sought by the proper public authorities. See Wishart Sons Co. v. Erie R. R. Co., 283 Pa. 100, 102, 128 A. 730 (1925); Rhymer v. Fretz, supra, at 232-233, 55 A. at 960; Sparhawk v. Union Passenger Ry. Co., supra, at 424.

The case of *Knox v. Massachusetts Society for Prevention of Cruelty*, 425 N.E. 2d. 393 (Mass. App. Ct. 1981), cited by the Plaintiffs, is even more inapposite. In that case, the plaintiff was a contest sponsor that planned to give away live goldfish as a prize. When informed by the defendant MASPCA that state law prohibited the awarding of live animals as contest prizes, the plaintiff sued for declaratory and injunctive relief that a goldfish was not an "animal" as defined by the statute. Although the appellate court ultimately found that a goldfish was in fact an "animal" under the statute, the case did not reference nuisance law, public or private, in any way. As such, this goldfish more resembles a red herring.

2.      **The Plaintiffs still decline to identify what "public right" is being intruded upon by the private activities of a zoo in another state**

It is clear that the Plaintiffs are offended by the Zoo, but they have not deigned to offer any concrete definition of what public right they believe the Zoo intrudes upon, especially given their great geographical distance from the Zoo. For a citizen of New Jersey or Virginia to assert some public right that a Zoo in another state, which they can be offended by only upon visiting it, somehow not offend them, borders upon the ridiculous. They have ignored the limitations set forth in *Adams v. Commissioners of Trappe*, 204 Md. 165, 102 A.2d 830 (1954), which clarifies that nuisance, even public nuisance, is in fact "rooted in the prevention of the impairment or destruction of rights in ***surrounding property***, such as by undue or unseemly noise, pollution, odors, vibrations, foot or vehicular traffic, or an unlawful encroachment upon a public right of way.

> It is a basic principle that courts of equity have jurisdiction over issues of property and the maintenance of civil rights, and do not interpose their aid in matters merely criminal which do not affect any rights of property. That principle, however, does not preclude injunctive relief against the commission of criminal acts which, ***unless enjoined, would operate to cause an irreparable injury to property or rights of a pecuniary nature***. As we stated in *Clark v. Todd*, 192 Md. 487, 492, 64 A.2d 547, if criminal offenses are primarily and essentially an injury to property, preventive relief may be granted by the court of equity within the same limits as where the element of criminality is entirely absent. In such a case, the court does not intervene to prevent the commission of the crime, although that may incidentally result, but to protect individual property from destruction.

The Plaintiffs herein still have not alleged an interest in any property, public or private, remotely close to the premises of the Defendants, or an injury to any pecuniary

— 3 —

interest. While they may allege they have taken moral offense to the actions of the Zoo, they cannot allege that it is an ongoing offense to the public morals of the surrounding community, or if it is, that they are part of such community in such a way as to give rise to standing for these plaintiffs. To define a public nuisance so broadly as to include every act or omission to which one takes offense, no matter how geographically remote, would make public nuisance a catchall cause of action for any party aggrieved by the actions of another, no matter where they are located and without any pecuniary harm. This is nothing that has ever before been recognized in Maryland jurisprudence, and despite their glancing citations to the decisions of other state courts, it appears that the plaintiffs are likewise unaware of any supporting precedent in any other state.

The Plaintiffs point to the running of a bawdyhouse and the biting of a ferret as the types of public nuisance analogous to their instant claim. However, the running of a bawdyhouse certainly does have just the sort of "emanations" into the surrounding public with which *Adams v. Commissioners of Trappe*, 204 Md. 165, 102 A.2d 830 (1954) concerns itself, in that there is a local effect that is felt in the surrounding properties and by the public in the local community at large. It is difficult to believe that there is any ferret with such a long range that it is able to bite across state lines, or that the courts would have entertained an action against a ferret owner in Cumberland, Maryland, brought by either of these plaintiffs, especially where they remain unbitten.

**3.      Arguments as to Article III standing place the cart before the horse**

There is no purpose in the Plaintiffs arguing that they have met the bare minimum of Article III standing unless they can first show that they have stated a claim such as to show a legally protected interest under a public nuisance theory. They have not done so and therefore, do not meet the bare minimum for standing under Article III, which requires the invasion not just of any interest strongly felt by the plaintiffs, but the invasion of an interest protected by the law. Neither are arguments about "injuries in fact" under *Havens* cognizable prior to showing that a legally protected interest has been invaded.

WHEREFORE, the Defendants pray:

That the Plaintiffs' Complaint be dismissed with prejudice.

Respectfully Submitted,

_____s/Nevin L. Young_____
Nevin L. Young
Fed Bar. ID No. 28604
170 West Street
Annapolis Maryland 21401
410-353-9210
nyoung@burlingtonyounglaw.com

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 14th day of June, 2020, I served the foregoing upon the counsel and/or parties set forth below via the ECF filing system:

Adam Abelson, Esquire
Zuckerman Spaeder, LLP
100 East Pratt Street, 24th Floor
Baltimore MD 21202

Marcos Hasbun, Esquire
101 East Kennedy Blvd.
Tampa Florida 33602

James Ersellius, Esquire
Zeynep Graves, Esquire
Caitlin Hawks, Esquire
PETA Legal Foundation
2154 West Sunset Blvd.
Los Angeles, California 90026

_____s/Nevin L. Young_____
Nevin L. Young