NEVIN L. YOUNG
Attorney at Law
170 West Street
Annapolis, Maryland 21401
410-353-9210
nyoung@burlingtonyounglaw.com

November 30, 2020

*<u>Via Email</u>*
The Hon. Paula Xinis
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    Collins et al. v. Tri-State Zoological Park of Western Maryland, Inc., et al./ Case No. PX-20-1225/Briefing on Certification of Question to Maryland Court of Appeals

Dear Judge Xinis:

This letter is submitted pursuant to this Court's letter order of November 12, 2020, docketed at ECF 23.

The Defendants believe the underlying legal merits of this matter have been thoroughly briefed, and neither Plaintiffs not Defendants have been able to locate any court, state or federal, that has extended standing or recognized a cause of action for public nuisance under the particular situation stated in the Plaintiffs' complaint. The questions of both particularized injury and geographical remoteness militate against any extension of public nuisance doctrine to Plaintiffs. Therefore this letter will expand no further upon the merits of the underlying arguments.

Due to reasons of both judicial economy and state sovereignty, the Defendants urge certification of this question to the Maryland Court of Appeals. As previously noted in the Defendants' Motion to Dismiss, ""[A] federal court in the exercise of its diversity jurisdiction should act conservatively when asked to predict how a state court would proceed on a novel issue of state law." *Rhodes v. E.I. DuPont Nemours & Co.*, 636 F.3d. 88 at 97-98 (4th Cir. 2011), citing to *Day & Zimmermann*, 423 U.S. at 4, 96 S.Ct. 167. (1975).

If this Court were either to dismiss this case or allow it to proceed under the present posture, it appears likely that the Fourth Circuit Court of Appeals would

eventually be required to resolve the matter, at the cost of additional time and expense to all parties. However, a panel sitting for that Court would be no better situated to predict how the Maryland Court of Appeals would resolve the matter. Ultimately, decisions as to the expansion or extension of existing common law doctrines should be referred to the Maryland Court of Appeals.

It would be quite unfortunate, and a miscarriage of justice, if this Court should decide the question in a manner that is later contradicted by subsequent cases decided by the Maryland Court of Appeals. On the other hand, having this question resolved by the Court of Appeals now would moot any possibility of the question later reappearing.

<u>Maryland Rules</u>

For ease of reference, the following is the text of the Maryland Rules related to the certification of a question before the Court of Appeals:

> RULE 8-305. CERTIFICATION OF QUESTIONS OF LAW TO THE COURT OF APPEALS
>
> (a) Certifying Court. "Certifying court" as used in this Rule means a court authorized by Code, Courts Article, § 12-603 to certify a question of law to the Court of Appeals of Maryland.
>
> (b) Certification Order. In disposing of an action pending before it, a certifying court, on motion of any party or on its own initiative, may submit to the Court of Appeals a question of law of this State, in accordance with the Maryland Uniform Certification of Questions of Law Act, by filing a certification order. The certification order shall be signed by a judge of the certifying court and state the question of law submitted, the relevant facts from which the question arises, and the party who shall be treated as the appellant in the certification procedure. The original order and seven copies shall be forwarded to the Court of Appeals by the clerk of the certifying court under its official seal, together with the filing fee for docketing regular appeals, payable to the Clerk of the Court of Appeals.
>
> (c) Proceeding in the Court of Appeals. The filing of the certification order in the Court of Appeals shall be the equivalent of the transmission of a record on appeal. The

> Court of Appeals may request, in addition, all or any part of the record before the certifying court. Upon request, the certifying court shall file the original or a copy of the parts of the record requested together with a certificate, under the official seal of the certifying court and signed by a judge or clerk of that court, stating that the materials submitted are all the parts of the record requested by the Court of Appeals.
>
> (d) Decision by the Court of Appeals. The written opinion of the Court of Appeals stating the law governing the question certified shall be sent by the Clerk of the Court of Appeals to the certifying court. The Clerk of the Court of Appeals shall certify, under seal of the Court, that the opinion is in response to the question of law of this State submitted by the certifying court.

## Proposed Questions

Because a complete set of alleged facts as set forth in the Complaint, and the previous legal arguments, may be useful to the Court of Appeals, the Defendants urge that the Complaint, Motion to Dismiss, Memorandum in Opposition to the Motion to Dismiss, and Reply to the Opposition be submitted along with the following proposed questions (the second of which only resolution if the answer to the first is in the affirmative):

1. Does a cause of action and/or standing under the common law of public nuisance exist in a suit brought by private, non-governmental parties based upon alleged criminal wrongdoing at a privately owned zoological park located in the State of Maryland?

2. If such a cause of action may exist, may such a claim under public nuisance doctrine be stated by a private citizen who lives in New Jersey and has only visited the zoological park on one occasion, and has stated no intention to return, or by an animal rights organization headquartered in Norfolk, Virginia?

As noted above, it appears that this Court may summarize certain facts further for the Court of Appeals, but to avoid any ambiguity or questions arising over the wording of such summary of facts, the Defendants believe the matter would best be presented in the same form as presented before this Court, (that is, complaint, motion to dismiss, opposition and reply), which would also be the same form that the Court of Appeals would face upon *de novo* review had this matter come from a Maryland state court.

Maryland Rule 8-305(b) also provides that one party is to be designated as the Appellant in such a proceeding. Without drawing any inferences as to the way in which this Court would rule in the absence of certification, Defendants propose that the Plaintiffs be designated as Appellants if the question is presented to the Maryland Court of Appeals, since the resolution of the question against the Plaintiffs would appear to be dispositive as to this litigation, whereas a resolution in Plaintiffs' favor would result in the litigation continuing.

In summary, the Defendants urge that the matter be submitted to the Maryland Court of Appeals and that the facts as set forth in the complaint, and the various arguments raised in the motion to dismiss, opposition, and reply, be submitted in as close to original form as possible.

                                                    Very Truly Yours,

                                                    s/Nevin L. Young

                                                    Nevin L. Young