

Adam B. Abelson
Zuckerman Spaeder LLP
aabelson@zuckerman.com
(410) 949-1148

November 30, 2020

**VIA CM/ECF**

The Honorable Paula Xinis
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

      Re:    20-cv-1225-PX, *Collins v. Tri-State Zoological Park of Western Maryland, Inc.*

Dear Judge Xinis:

      Plaintiffs Constance Collins and People for the Ethical Treatment of Animals, Inc. (collectively "Plaintiffs") submit this letter in response to the Court's November 12, 2020 Letter Order requesting the parties' input on the propriety of certification to the Maryland Court of Appeals as to "[1] whether Maryland recognizes a public nuisance claim based on the facts pled in Plaintiffs' complaint; and, [2] if so, whether either Plaintiff is a proper party to bring the claim." ECF No. 23. The Court also requested proposed question(s) for the Court of Appeals' resolution in the event the Court grants certification. *Id*.

      Under the Maryland Uniform Certification of Questions of Law Act, MD. CODE, CTS. & JUD. PROC. §§ 12-601 to 613 (the "UCQLA"), the Maryland Court of Appeals "may answer a question of law certified to it by a court of the United States . . . if the answer may be determinative of an issue in pending litigation in the certifying court and there is no controlling appellate decision, constitutional provision, or statute of this State." *Id.* § 12-603. Plaintiffs do not dispute that the questions above are determinative of the issues before this Court, and that there is not a Maryland case specifically addressing an organization's and individual's right to bring a public nuisance claim based on violations of animal cruelty laws or the Animal Welfare Act. Nevertheless, as explained below, Plaintiffs do not believe certification is necessary or appropriate in this case as to either prong of the public nuisance analysis.

      First, the question of whether Defendants' alleged violations constitute an "unreasonable interference with a right common to the general public," *see Tadjer v. Montgomery County*, 479 A.2d 1321, 1327 (Md. 1984), involves a question of law and a question of fact. Although legal queries may be certified under the UCQLA, as discussed below, certification is unnecessary as to "unreasonable interference" because existing case law unequivocally answers the legal question in the affirmative, and the remaining factual question is unsuitable for certification. Second, the question of whether Plaintiffs are proper parties to enjoin the alleged public nuisance at issue also

involves two questions: a question of law that Maryland courts have already resolved, and a question of fact, rendering this question inappropriate for certification. Thus, for the reasons set forth below, Plaintiffs respectfully request that this Court rule on Defendants' Motion to Dismiss, ECF No. 14, without staying this matter and certifying questions to the Maryland Court of Appeals. In the event the Court does certify one or more questions, the questions the Court should certify are set forth in Section III below.

I.   **Applicable Law**

Certification to the Maryland Court of Appeals may be appropriate when the answer to a question of law before the referring court "may be determinative of an issue in pending litigation," and "there is no controlling appellate decision, constitutional provision, or statute of [Maryland]." MD. CODE, CTS. & JUD. PROC. § 12-603. *See also Antonio v. SSA Sec., Inc.,* 749 F.3d 227, 234 (4th Cir. 2014).

Even if appropriate for certification, the "decision to certify a question to the Court of Appeals 'rests in the sound discretion of the federal court.'" *Cecilia Schwaber Tr. Two v. Hartford Acc. & Indem. Co.*, 636 F. Supp. 2d 481, 491 (D. Md. 2009) (quoting *Lehman Bros. v. Schein,* 416 U.S. 386, 391 (1974)). "In exercising such discretion, federal courts may decide not to certify a question to a state court where the federal court can reach a 'reasoned and principled conclusion.'" *Flournoy v. Rushmore Loan Mgmt. Servs., LLC*, No. 8:19-CV-00407-PX, 2020 WL 1285504, at *9 (D. Md. Mar. 17, 2020) (quoting *Marshall v. James B. Nutter & Co.*, No. CIV.A. RDB-10-3596, 2013 WL 3353475, at *7 (D. Md. July 2, 2013)). "Accordingly, [c]ertification should not be invoked absent genuinely unsettled matters of state law." *Id*. (quoting *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612, 621 (D. Md. 2013) (alteration in original; internal quotation marks omitted).

II.   **This Court can reach a reasoned and principled conclusion, without certification, as to whether Maryland recognizes a public nuisance claim for interference with public morals through violations of animal welfare and cruelty laws.**

Whether violations of the Federal Animal Welfare Act, 7 U.S.C. §§ 2131−2160, and Maryland's animal abuse and neglect statute, MD. CODE, CRIM. LAW § 10-604, constitute a public nuisance by unreasonably interfering with public morals involves two questions: one of law and one of fact.

Maryland courts have not addressed the specific legal question presented, *i.e.*, whether the alleged conduct interferes with a public right. Despite this, federal district courts have broad discretion to decide novel issues of state law, "especially where courts in other jurisdictions have already ruled on the precise issue presented." *Doe v. Chesapeake Med. Sols., LLC*, No. CV SAG-19-2670, 2020 WL 917061, at *6 (D. Md. Feb. 26, 2020).

Of particular relevance here, courts in other jurisdictions have made clear that violations of state and federal animal protection laws may form the basis of a public nuisance claim. *See Animal Legal Def. Fund v. Lucas*, No. 19CV0040, 2019 WL 1082570, at *2−3 (W.D. Pa. Mar. 7, 2019) (holding that the complaint, which alleged, in part, that defendants subjected animals to poor treatment and poor living conditions in violation of state and federal wildlife protection laws, contained "adequate, detailed information, which . . . may support a claim for a public nuisance"); *Animal Legal Def. Fund v. Olympic Game Farm, Inc.*, 387 F. Supp. 3d 1202, 1207 (W.D. Wash. 2019) (holding that animal protection organization had stated a claim for public nuisance where alleged violations of state laws, including state's animal cruelty statute, supplied the predicate for the public nuisance action); *Kuehl v. Sellner*, Case No. 1281 EQCV008505 (Nov. 24, 2019 Iowa Dist. Ct.) (holding that the continued maintenance of a roadside zoo, which violated Iowa's cruelty-to-animals laws, was a public nuisance).[1] The Western District of Pennsylvania's decision in *Animal Legal Defense Fund v. Lucas, supra*, is particularly instructive because, like Maryland, Pennsylvania courts have adopted the Restatement's definition of public nuisance. *Compare, e.g.*, *Muehlieb v. City of Philadelphia*, 574 A.2d 1208, 1211 (Pa. Commw. Ct. 1990) (quoting *Restatement* § 821B (1979)) *with Tadjer*, 479 A.2d at 1327 (quoting Restatement § 821B (1979)). Further, as under Maryland law, public morals fall within the category of rights protected under Pennsylvania public nuisance law. *See Com. v. Brown*, 7 Pa. D. & C.3d 418, 422 (Pa. Com. Pl. 1978) (public nuisance "includes interferences . . . with public morals, as in the case of houses of prostitution").

Furthermore, the Maryland Court of Appeals has laid the foundation for Plaintiffs' claim by addressing the broader issues at play. For example, the Court of Appeals has addressed the interplay between unlawful conduct and public nuisance law, and confirmed that the former can form the basis of a public nuisance action. *See Adams v. Commissioners of Town of Trappe*, 102 A.2d 830, 836 (Md. 1954) ("[T]o engage in any form of business in definance [*sic*] of laws regulating or prohibiting the business constitutes a nuisance *per se*, and a person so engaging therein may be enjoined from so doing by any one suffering a special injury thereby."); *Tadjer*, 479 A.2d at 1327–28 ("Circumstances that may sustain a holding that an interference with a public right is unreasonable include . . . whether the conduct is proscribed by a statute, ordinance or administrative regulation.") (quoting Restatement § 821B(2)(b)). *See also Agbebaku v. Sigma Aldrich, Inc.*, No. 24-C-02-004175, 2003 WL 24258219, at *13 (Md. Cir. Ct. June 24, 2003)

---

[1] The plaintiffs in *Lucas*, *Olympic Game Farm, Inc.*, and *Kuehl* all alleged, in part, that violations of criminal cruelty-to-animals statutes formed the basis of the alleged public nuisances. Where a criminal statute embodies public morals—like a state's animal protection law—a violation of the statute is evidence that public morality has been unreasonably interfered with.

The cited *Kuehl v. Sellner* order is attached hereto as Exhibit A.

("[C]onduct that is prohibited by statute, ordinance, or administrative regulation . . . support[s] a finding of public nuisance."). The Court of Appeals has also made clear that public morals are among the public rights protected under Maryland nuisance law, *see Tadjer*, 479 A.2d at 1327 (explaining that public nuisances include conduct that interferes with "the public health, . . . the public safety, . . . public morals, . . . the public peace, . . . the public comfort, . . . [and] public convenience"), and that mistreatment of animals falls within this category of public rights. *Id.* (examples of interference with public morals include bullfights).

In light of the cases detailed above and the Restatement, which Maryland courts have followed, Plaintiffs respectfully submit that existing jurisprudence provides ample guidance for this Court to reach a reasoned and principled conclusion on the issue before it. *See, e.g.*, *State v. Exxon Mobil Corp.,* 406 F. Supp. 3d 420, 454 n.12, 469 (D. Md. 2019) (considering, *sua sponte*, the propriety of certification under the UCQLA, and denying defendants' motion to dismiss with respect to plaintiffs' public nuisance claim "[b]ecause no case law forecloses th[e] theory of public nuisance liability under Maryland law" advanced by the plaintiffs).

The remaining question—*i.e.*, whether the alleged interference with a public right is "unreasonable"—is a question of fact. *See Reynolds v. Rick's Mushroom Serv., Inc.*, 246 F. Supp. 2d 449, 460 (E.D. Pa. 2003) ("Whether there is a public right is a question of law, but whether an interference is unreasonable is a question of fact."). As the UCQLA and the courts applying it have made clear, the Court of Appeals may "only [consider] questions of state law, not questions of fact." *Reed v. Campagnolo*, 630 A.2d 1145, 1146 (Md. 1993) (quoting *Mercantile–Safe Deposit & Trust Co. v. Purifoy,* 371 A.2d 650, 655 (Md. 1977)). Thus, the factual query regarding whether the alleged interference with a public right is *unreasonable* is inappropriate for certification.

### III. Questions regarding whether Plaintiffs are proper parties to bring this public nuisance action fall outside the scope of the UCQLA.

The question of whether Plaintiffs are entitled to have brought this action to enjoin Tri-State's alleged public nuisance is inappropriate for certification for two independent reasons.

First, Maryland courts have already squarely addressed whether private parties may bring actions for public nuisance, making certification inappropriate. *See Antonio v. SSA Sec., Inc.*, 749 F.3d 227, 234 (4th Cir. 2014) (when determining whether certification is appropriate, the court must consider whether there is a "controlling appellate decision, constitutional provision, or statute of [Maryland]") (quoting Md. Code Ann., Cts. & Jud. Proc. § 12-603). Specifically, as enshrined in the *Restatement* and made clear by Maryland courts, a private party may bring a public nuisance action if the party has suffered a special injury, *i.e.*, "suffered harm of a kind different from that suffered by other members of the public." Restatement § 821C(1). *See also, e.g.*, *United Food & Commercial Workers Int'l Union v. Wal-Mart Stores, Inc.*, 137 A.3d 355, 372 (Md. Ct. Spec. App. 2016), *aff'd*, 162 A.3d 909 (Md. 2017) (defining special injury by reference to section 821C).

Second, the question of whether a given private plaintiff suffered a "special injury" resulting from a given defendant's conduct is a question of fact. *See, e.g.*, *Jamail v. Stoneledge Condo. Owners Ass'n*, 970 S.W.2d 673, 677 (Tex. App. 1998) ("Genuine issues of material fact exist in the record concerning whether the [plaintiffs] have sustained a special injury that entitles them to recover on their allegation of a public nuisance"). Because questions of fact may not be certified to the Maryland Court of Appeals, *see Reed*, 630 A.2d at 1146, certification is inappropriate for this independent reason.

Even if certification regarding the propriety of Plaintiffs' special injury were appropriate, it is unnecessary because federal courts in this and other jurisdictions offer significant guidance on the issues before this Court. For example, courts in this district have held that harm to pecuniary interests is sufficient to show special injury. *See Potomac River Ass'n, Inc. v. Lundeberg Maryland Seamanship Sch., Inc.*, 402 F. Supp. 344, 358−59 (D. Md. 1975) (holding that private organizational plaintiffs that alleged injury to commercial fishing rights had standing to maintain public nuisance action); *Mayor & City Council of Balt. v. Monsanto Co.*, No. CV RDB-19-0483, 2020 WL 1529014, at *9 (D. Md. Mar. 31, 2020) (holding that allegations that plaintiff "incurred costs as a result of implementing impervious surface restoration efforts" "[s]uffice to allege standing to bring a public nuisance claim at this stage"). Likewise, as explained in Plaintiffs' Opposition, courts in other jurisdictions have found that injury to one's aesthetic interest in viewing animals constitutes a special injury for the purposes of a public nuisance action. *See* Opp'n at 18−19; *see also Animal Legal Def. Fund*, 387 F. Supp. 3d at 1206; *Animal Legal Def. Fund v. Lucas*, No. CV 19-40, 2019 WL 5068531, at *4 (W.D. Pa. Oct. 9, 2019).

Accordingly, certification to the Maryland Court of Appeals is inappropriate as to whether either Plaintiff is a proper party to bring a public nuisance action.

### IV.   Proposed Questions for Certification

For the above reasons, Plaintiffs submit there is no need to certify any questions to the Maryland Court of Appeals, because the questions presented here are factual questions at bottom, and the answers to the legal questions flow inexorably from existing Maryland case law. In the event this Court does certify one or more questions, however, Plaintiffs respectfully propose certification of the following questions of law:

1. May a business's violations of the Federal Animal Welfare Act, 7 U.S.C. §§ 2131−2160, or Maryland's animal abuse and neglect statute, Md. Code, Crim. Law § 10-604, constitute interference with a right common to the general public?

2. May a public nuisance based on an unreasonable interference with public morals be enjoined by a private plaintiff that has been specially injured thereby?

        Respectfully submitted,

        */s/ Adam B. Abelson*

        Adam B. Abelson

cc:    Counsel of Record (via CM/ECF)