NEVIN L. YOUNG
Attorney at Law
170 West Street
Annapolis, Maryland 21401
410-353-9210
nyoung@burlingtonyounglaw.com

December 7, 2020

*<u>Via Email</u>*
The Hon. Paula Xinis
United States District Court
6500 Cherrywood Lane
Greenbelt, Maryland 20770

    Re:    Collins et al. v. Tri-State Zoological Park of Western Maryland, Inc., et al./ Case No. PX-20-1225/Briefing on Certification of Question to Maryland Court of Appeals

Dear Judge Xinis:

    This letter is to serve as a reply to the letter pleading submitted by the Plaintiffs on November 30, 2020. Based upon the statements made during the telephonic hearing of November 12, 2020, the Defendants believed that the Plaintiffs did not object to certification of the relevant question to the Court of Appeals. It was expected by the Defendants that the Plaintiffs would submit a letter outlining the manner in which the question might be presented to the Maryland Court of Appeals were this Court to order that course of action. The letter submitted by the Plaintiffs was therefore somewhat surprising to the Defendants and must be read as an objection to any certification, and therefore the Defendants reply as follows:

    The Plaintiffs raise several cases in support of their claim to have stated a claim and/or to have standing under public nuisance doctrines. Leaving aside for the moment the fact that the State of Maryland has a right to develop its own doctrine of public nuisance, and that the laws of other states are merely persuasive rather than controlling, the Defendants reply to the more important cases as follows (and at the same time submit that the remainder of those cases are simply not apposite to the instant case for obvious reasons):

1

1.      *Kuehl v. Sellner*, Case No. 1281 EQCV008505 (Nov. 24, 2019 Iowa Dist. Ct., Exhibit A to Plaintiffs' letter pleading): This is an Iowa State court decision. Although the Iowa court does ultimately find that a public nuisance exists, the court also specifically notes on the first page of its decision that the Defendants have raised no challenges as to standing or as to whether the Plaintiffs have stated a claim. In many state courts, challenges to standing and/or statement of a claim are waivable if not raised by the defendant. However, in a Federal court, standing is jurisdictional and it would be clear error for the Court not to raise the matter *sua sponte* were it to appear that standing did not exist. Furthermore, in this case, the Defendants have not waived these defenses.

2.      *Animal Legal Def. Fund v. Olympic Game Farm*, Inc., 387 F. Supp. 3d 1202, 1207 (W.D. Wash. 2019): This is a case predicated upon the express language of a Washington State statute, as pendant state litigation under an Endangered Species Act case brought in the U.S. District Court. The State of Maryland has no express statutes creating or defining a public nuisance under the circumstances alleged in the instant litigation.

3.      *Animal Legal Def. Fund v. Lucas*, No. 19CV0040, 2019 WL 1082570, at *2–3 (W.D. Pa. Mar. 7, 2019): This case likewise relies upon public nuisance as defined under Pennsylvania law. The Court's decision that a claim was stated and/or that standing exists under Pennsylvania law should have no bearing on Maryland law, in the absence of an equivalent Maryland state law. Even were such an equivalent law to exist, the Pennsylvania cases would be merely persuasive.

The overall gist of Plaintiffs' argument is that, under certain circumstances, based upon the statutes of other states, or based upon the failure of defendants to raise challenges to standing, that the instant litigation should proceed. But the Plaintiffs have still not addressed the central point of the argument—that there is no Maryland law even approximately on point in this case, to show that someone outside the local community can either state a claim or have standing to raise a public nuisance complaint. The Court of Appeals of Maryland should be the final word as to whether a claim has been properly stated in this case. To do otherwise would impose severe financial burdens on both parties, with an inevitable appeal at the end of such litigation, rather than resolving the question immediately and with minimal expense. Given that the Maryland Court of Appeals has never spoken on this question before, then such an opportunity should be welcomed rather than eschewed.

Very Truly Yours,

s/Nevin L. Young

Nevin L. Young