

Adam B. Abelson
Zuckerman Spaeder LLP
aabelson@zuckerman.com
(410) 949-1148

December 7, 2020

**VIA CM/ECF**

The Honorable Paula Xinis
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

      Re:    20-cv-1225-PX, *Collins v. Tri-State Zoological Park of Western Maryland, Inc.*

Dear Judge Xinis:

      Defendants Tri-State Zoological Park of Western Maryland, Inc., Animal Park, Care & Rescue, Inc., and Robert Candy's (collectively "Tri-State") proposed certification questions (ECF No. 25) ("Defs.' Br.") should be rejected because they misstate the predicate on which Plaintiffs' public nuisance allegations are based, misstate the facts alleged in Plaintiffs' Complaint, and, by mixing questions of law *and* fact, go beyond the scope of the Maryland Uniform Certification of Questions of Law Act ("UCQLA"), MD. CODE, CTS. & JUD. PROC. §§ 12-601 to 12-613. Further, even if distinct questions of law could be pulled from Tri-State's proposed compound questions, those questions are inappropriate for certification because they have already been addressed by Maryland courts or existing precedent from other jurisdictions provides sufficient guidance for this Court to reach a reasoned and principled conclusion without certification. And although a certification order from this Court would contain "[t]he question of law to be answered" and "[t]he facts *relevant* to the question," *see id.* § 12-606(a)(1), (2) (emphasis added), Tri-State's proposed questions include irrelevant, cherry-picked facts that muddy any legal questions this Court may decide appropriate for certification.  Tri-State's proposed questions should therefore be rejected for this independent reason as well.

      Tri-State's proffered reasons in support of certification—judicial economy and state sovereignty—fail to appreciate that "[c]ertification should not be invoked 'absent genuinely unsettled matters of state law.'" *Flournoy v. Rushmore Loan Mgmt. Servs., LLC*, No. 8:19-CV-00407-PX, 2020 WL 1285504, at *9 (D. Md. Mar. 17, 2020) (quoting *Lynn v. Monarch Recovery Mgmt.*, 953 F. Supp. 2d 612, 621 (D. Md. 2013)) (alteration in original). Indeed, as explained below, Tri-State's proposed questions fall outside the scope of the UCQLA and are thus inappropriate for certification.

I. **Tri-State's first proposed question misapprehends the predicate act on which Plaintiffs' public nuisance allegations are based, does not require certification, and otherwise falls outside the scope of the UCQLA.**

Tri-State's first question should not be certified because it misapprehends the predicate act on which Plaintiffs' public nuisance allegations are based. Specifically, Tri-State seeks only to inquire about the existence of a public nuisance action "brought by private . . . parties *based upon alleged criminal wrongdoing* at a privately owned zoological park." Defs.' Br. at 3 (emphasis added). But Plaintiffs' public nuisance legal theory is not based solely on criminal acts, but rather on Tri-State's alleged unreasonable interference with public morals as *evidenced* by, among other things, Tri-State's violations of animal welfare and cruelty laws, including the Animal Welfare Act, which is not a criminal statute. What makes Tri-State's acts "unreasonable interference with a right common to the general public," *see, e.g.*, *Tadjer v. Montgomery County*, 479 A.2d 1321, 1327 (Md. 1984) (quoting Restatement (Second) of Torts § 821B), are their breaches of moral prohibitions against treating animals in a neglectful or cruel manner. *See* Compl., ECF No. 1 at ¶¶ 4−5; Pls.' Letter Brief Regarding Certification, ECF No. 26 ("Pls.' Br."), at 2−4. Thus, as proposed, the answer to Tri-State's question, focused on "criminal wrongdoing," would not be determinative of an issue before this Court and falls outside the scope of the UCQLA. *See* MD. CODE, CTS. & JUD. PROC. § 12-603.

Even if Tri-State had correctly articulated Plaintiffs' legal theory, determining whether "a cause of action . . . under the common law of public nuisance exist[s]" based on the predicate act alleged by Plaintiffs, *see* Defs.' Br. at 3, involves a question of law and a question of fact. *See* Pls.' Br. at 2−4. The question of law, *i.e.*, whether the alleged conduct interferes with a public right, need not be certified because existing jurisprudence provides ample guidance for this Court to reach a reasoned and principled conclusion on the issues before it. *Id*. The question of fact, *i.e.*, whether the interference with public morality is "unreasonable," is unsuitable for certification for the reasons previously stated. *Id*. at 4.

Tri-State's first question contains a third query related to Plaintiffs' standing: *i.e.*, whether "standing under the common law of public nuisance exist[s] in a suit brought by private . . . parties." Defs.' Br. at 3. This query, which compounds legal and factual questions, also falls outside the scope of the UCQLA. Specifically, as Plaintiffs have explained, Maryland courts have already made clear that public nuisance standing for private plaintiffs requires only a special injury. Pls.' Br. at 4−5; Pls.' Opp'n to Defs.' Mot. to Dismiss, ECF No. 19 ("Pls.' MTD Opp."), at 13. Because Maryland courts have already answered this question, it is inappropriate for certification. Pls.' Br. at 4. The remaining question of whether Plaintiffs PETA and Ms. Collins have suffered a "special injury" is a question of fact inappropriate for certification. *Id*. at 5.

Last, Tri-State's first proposed question is also inappropriate for certification because its compound nature makes the underlying legal questions difficult to extract. Even if Tri-State posed each distinct question separately, however, the questions would still be inappropriate for certification for the independent reasons outlined above.

## II.   Tri-State's second proposed question falls outside the scope of the UCQLA and misstates the facts alleged in Plaintiffs' Complaint.

If the answer to Tri-State's first question "is in the affirmative," Tri-State proposes to certify whether "a claim under public nuisance doctrine [may] be stated by a private citizen who lives in New Jersey and has only visited the zoological park on one occasion, and has stated no intention to return, or by an animal rights organization headquartered in Norfolk, Virginia?" But as explained above (§ 1, *supra*), and before (Pls.' Br. at 4−5), questions regarding whether Plaintiffs are proper parties to bring this public nuisance action are inappropriate for certification because (1) Maryland courts have already made clear that a public nuisance action may be enjoined by a private plaintiff specially injured thereby; and (2) the question of whether Plaintiffs PETA and Ms. Collins have been specially injured by Tri-State's alleged interference with public morality is a question of fact inappropriate for certification. *See* Pls.' Br. at 4−5.

Tri-State's query regarding whether a public nuisance action may be asserted by out-of-state plaintiffs is subsumed by the underlying question of whether Plaintiffs have suffered a special injury under Maryland public nuisance law. Because the underlying question is a factual one, it is inappropriate for certification. *See id*. Moreover, Maryland law has articulated the standing test applicable here, and it does not require proximity to the nuisance, but rather whether the plaintiff has "*come in contact*" with the "public nuisance." *Adams v. Commissioners of Town of Trappe*, 102 A.2d 830, 834 (Md. 1954) (emphasis added). *See also* Pls.' MTD Opp. at 21−23. Thus, certification of a question regarding Plaintiffs' proximity to the ongoing nuisance is inappropriate.

Last, Tri-State's proposed question misstates the facts on which Plaintiff Collins's aesthetic injury is based. Contrary to Tri-State's assertion that Ms. Collins has "stated no intention to return" to Defendants' facility, Defs.' Br. at 3, Plaintiffs' Complaint states that "Ms. Collins would return to visit the animals" "[i]f the animals were no longer mistreated and were given a humane setting at Tri-State, or were transferred to a sanctuary or other place where they were no longer mistreated and where they lived in a humane setting." Compl., ECF No. 1 ¶ 110.

*  *  *

For the reasons set out in Plaintiffs Letter Brief and herein, Plaintiffs submit there is no need to certify any questions to the Maryland Court of Appeals. If this Court does certify one or more questions, however, Plaintiffs respectfully propose certification of the questions of law outlined in their Letter Brief, ECF No. 26.

Respectfully submitted,

*/s/ Adam B. Abelson*

Adam B. Abelson

cc:   Counsel of Record (via CM/ECF)