**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**–Northern Division–**

| | |
|---|---|
| PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.,<br><br>*Plaintiff*<br><br>–v–<br><br>TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al.*,<br><br>*Defendants.* | Case No. 8:20-cv-01225 |

## ANSWER TO COMPLAINT

## LACK OF SUBJECT MATTER JURISDICTION

The Defendants assert that the Court lacks subject matter jurisdiction due to both the lack of standing to sue of both Plaintiffs, and due to a failure of the amount in controversy, and that neither of these defenses are waivable.

## ENUMERATED RESPONSE TO ALLEGATIONS OF COMPLAINT

Now Come the Defendants and file this Answer to the Plaintiffs' Complaint, and in response to each numbered paragraph of the Complaint, state:

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Admitted that the Plaintiffs have filed suit. Denied that the facility is a nuisance or that the Plaintiffs have standing.

7. Denied that the value of the injunctive relief sought is in excess of $75,000. Admitted that there is diversity of citizenship. Denied that there is subject matter jurisdiction based upon diversity of citizenship, due to the failure of monetary value of the injunctive relief sought.

8. Admitted that venue is most appropriate in Maryland. Otherwise denied as phrased.

9. The Defendants do not have adequate knowledge to admit or deny the allegation at this stage of the proceedings. Accordingly, it is denied.

10. Denied as to characterization of PETA as an animal protection charity. Otherwise admitted.

11. Denied that Animal Park, Care & Rescue, Inc. owns any animals or that it is not in good standing. It is a charity formed to care for the animals by providing food and other necessaries. Otherwise admitted.

12. Admitted.

13. Admitted.

14. Admitted other than the negative characterization of “roadside” zoo. The facility however is accessed by a road.

15. Denied as to the number of animals alleged to be exhibited. Admitted that the public is sometimes charged a nominal fee or asked for donations, when the Zoo is open, to view the animals. Admitted that interaction with some of the animals is allowed, such as in the petting zoo section, though not with others.

16. While denying that accreditation is required or even common among smaller zoos, admitted.

17. Denied.

18. Denied.

19. Admitted that Maryland law so states.

20. Admitted that the AWA provides certain legal requirements. Admitted that many of the animals at the Zoo are not regulated by the AWA, while denying that those APHIS reports omitted anything of significance.

21. Denied as phrased. Admitted that USDA inspectors have issued reports with requirements to correct certain deficiencies. The Zoo is presently in complete compliance with all USDA requirements.

22. Admitted that the Zoo's license was administratively suspended for 45 days in 2013 as described, for events occurring between 2006 and 2010. Otherwise denied.

23. Denied.

24. Admitted that the Court made that finding as to certain animals no longer at the Zoo.

25. Admitted that the Court so found. The Zoo's present veterinarian, Dr. Gold, is satisfied with the Zoo's present operations.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Defendants do not know what Ms. Collins observed, however, the bears had water. Accordingly, denied.

39. Denied that such conditions existed at any time in the recent past, including during the time of Ms. Collins visit.

40. Denied.

41. Denied.

42. Admitted, with the qualifier that the event in question happened approximately ten years ago and the primate was quickly recovered.

43. Denied that any such conditions have existed at any time relevant to the instant complaint. Admitted that a macaque died many years ago. Denied that the death of the macaque was foreseeable or the result of negligence, or that the macaque suffered electrocution. Denied that the other defects alleged constituted any significant hazard to any of the animals or are relevant to the subject matter of this suit.

44. Admitted that the Court made the finding alleged.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. The Defendants lack sufficient information to form a belief as to what Ms. Collins experienced, though hundreds or thousands of visitors to the Zoo have entered the reptile house and none have had a similar complaint.

50. Denied.

51. Denied.

52. Admitted that there are free roaming animals in some areas of the Zoo. Otherwise denied.

53. Denied that the hazards alleged are significant or that the bobcat enclosure is open to other cats or could be entered by a cat. Otherwise admitted.

54. Denied.

55. Denied.

56. Denied that any such conditions have existed at any times relevant to this lawsuit.

57. Denied.

58. Denied that any such conditions have existed at any times relevant to this lawsuit.

59. Denied that any such conditions have existed at any times relevant to this lawsuit.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Admitted that the Court so found.

65. Denied.

66. Admitted that Misty was evaluated as having those behaviors. Denied as to having been due to any acts of the Defendants.

67. Admitted.

68. Denied.

69. Denied.

70. The Defendants lack sufficient knowledge to know what Ms. Collins observed. Accordingly, it is denied.

71. Admitted.

72. Denied. The USDA has repeatedly approved of the present habitats and socialization program for the primates.

73. The Defendants lack sufficient knowledge to know what Ms. Collins observed. Accordingly, it is denied. Admitted that Dodger has a hairless spot near his tail. However, Dodger has been examined by several veterinarians and all have stated it is a wear spot from sitting and not a cause for concern.

74. Denied as characterized. Spazz is kept in his own cage because he was a laboratory monkey for many years prior to rescue and cannot socialize normally with other squirrel monkeys. The conditions of his keeping have been repeatedly approved by veterinarians including the Zoo's present veterinarian Dr. Gold, and by the USDA APHIS inspector. Admitted that Spazz has thin hair, with the qualifier that he is elderly (over 20 years old) and loss of hair is not uncommon for a squirrel monkey of that age.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Admitted that the Court so found. The animals in question are no longer at the Zoo and are not relevant to this case.

80. Denied.

81. The Defendants lack sufficient knowledge to know what Ms. Collins observed. Accordingly, it is denied.

82. Denied.

83. Denied as phrased. Bears do undergo lengthy period of "torpor" (not true hibernation) during the winter, during which time they do not eat. They were not denied food or water even during this time, nor were they locked in.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied that the horse was underweight due to any neglect by Defendants.

90. Denied.

91. Denied. It should further be noted that the zoo does not keep rabbits at all, nor owls. If an owl was dropped at the zoo in a cat carrier, it would have immediately been turned over to the Maryland Department of Natural Resources.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Admitted that a USDA notice was issued to increase the temperature in the enclosure. The macaques in question were Snow Macaques and are highly resistant to cold weather. A temperature below 45 degrees is a general USDA guideline for all primates and does not suit the Japanese Macaque.

98. Denied.

99. Admitted that the Defendants do not have paid employees, that volunteers do much of the work, and some volunteers live on premises. Otherwise denied.

100. Denied.

101. Denied.

102. Defendants do not know what Ms. Collins enjoys and lacks sufficient information to form a belief as to this allegation.

103. Denied.

104. Defendants lack sufficient information to form a belief as to what Ms. Collins experienced.

105. Defendants lack sufficient information to form a belief as to what Ms. Collins feels.

106. Defendants lack sufficient information to form a belief as to what Ms. Collins experienced.

107. Denied.

108. Denied.

109. Defendants lack sufficient information to form a belief as to what Ms. Collins desires.

110. Defendants lack sufficient information to form a belief as to what Ms. Collins would do.

111. Admitted that PETA's motto is, in part, as stated. Otherwise denied as phrased.

112. Denied.

113. Denied.

114. Denied.

115. Denied.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Defendants incorporate by reference all enumerated responses to the allegations in the Plaintiff's Complaint.

125. Denied.

126. Denied.

127. Denied.

128. Denied.

129. Denied.

130. Denied.

131. Denied.

132. Denied.

133. The Defendants do not have sufficient knowledge to form a belief as to what Ms. Collins' condition would be if relief were granted.

134. Admitted that PETA would cease incurring costs, with the qualifier that PETA could cease incurring costs immediately and voluntarily.

**Response to Relief Requested**

A. The relief requested is inappropriate and should be denied.

B. The injunctive relief prayed:

1. is inappropriate and should be denied.

2. is not only inappropriate but beyond the Court's powers in a public nuisance action, and should be denied.

3. is not only inappropriate but is beyond the Court's powers in a public nuisance action, and should be denied.

4. is not only inappropriate but is beyond the Court's powers in a public nuisance action, and should be denied.

    C. The relief prayed is not only inappropriate but is beyond the Court's powers in a public nuisance action.

D. No response is necessary to this prayer for relief, as it lacks specificity.

Defendants further state that this matter should be dismissed for lack of standing and lack of subject matter jurisdiction.

Respectfully Submitted,

____s/Nevin L. Young________
Nevin L. Young
Fed Bar. ID No. 28604
170 West Street
Annapolis Maryland 21401
410-353-9210
nevinyounglaw@gmail.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 4th day of February, 2021, I served the foregoing upon the counsel and/or parties set forth below via the ECF filing system:

Adam Abelson, Esquire
Zuckerman Spaeder, LLP
100 East Pratt Street, 24th Floor
Baltimore MD 21202

Marcos Hasbun, Esquire
101 East Kennedy Blvd.
Tampa Florida 33602

James Ersellius, Esquire
Zeynep Graves, Esquire
Caitlin Hawks, Esquire
PETA Legal Foundation
2154 West Sunset Blvd.
Los Angeles, California 90026

____s/Nevin L. Young________
Nevin L. Young