

Adam B. Abelson
Zuckerman Spaeder LLP
aabelson@zuckerman.com
(410) 949-1148

May 27, 2021

**VIA CM/ECF**

The Honorable Paula Xinis
United States District Court for the District of Maryland
6500 Cherrywood Lane, Suite 400
Greenbelt, MD 20770

    Re:    20-cv-1225-PX, *Collins v. Tri-State Zoological Park of Western Maryland, Inc.*

Dear Judge Xinis:

    In accordance with this Court's February 25, 2021 Order concerning discovery motions, ECF No. 35, Federal Rules 33 and 34, and Local Rule 104.8, Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA") seeks to compel: (1) Defendant Tri-State Zoological Park of Western Maryland, Inc.'s ("Tri-State's") production of all documents responsive to its First Set of Document Requests, which PETA served on Defendants Tri-State, Animal Park, Care & Rescue, Inc. ("Animal Park"), and Robert Candy (collectively "Defendants") on March 12, 2021, Exh. 1, PETA's First Set of Doc. Req. to Defs. (Mar. 12, 2021) (the "Document Requests"); and (2) full, verified responses to its First Set of Interrogatories, which it served on Defendants Tri-State and Animal Park on March 12, 2021, Exh. 2, PETA's First Set of Interrog. to Defs. Tri-State and Animal Park (Mar. 12, 2021) (the "Interrogatories"). Despite PETA's good-faith attempts, the parties have been unable to resolve these disputes. Although Defendants have stated that they will produce additional documents when "convenient" as noted below, PETA files this motion now in compliance with the 30-day deadline set forth in Local Rule 104.8(a).

**I.    Motion to Compel Production of Documents.**

    On April 20, 2021, Defendants produced 260 pages of documents that consisted only of incomplete financial records and a grossly deficient animal inventory in response to PETA's Document Requests. Exh. 3, Email from N. Young to Z. Graves (Apr. 20, 2021). At that time, Defendants did not provide written responses to PETA's Document Requests. Nor did they indicate whether Defendants were objecting to any requests or whether Defendants considered their obligations to produce responsive document to be satisfied. On May 13, 2021, PETA wrote concerning these and other deficiencies. Exh. 4, Letter from A. Abelson to N. Young (May 13, 2021). PETA requested that Defendants correct these deficiencies by May 26, 2021.

    On May 20, 2021, Defendants' counsel responded to PETA's Document Requests and notified PETA that Defendants would "produce the documents when it is convenient for us to do

so." Exh. 5, Email from N. Young to Z. Graves (May 20, 2021).[1] At that time, Defendants also provided a "formal response" to PETA's Document Requests, which did not object to any request, but simply repeated the following response for each document request: "All documents requested will be provided upon a rolling basis, as that term is understood through the documents produced by Plaintiffs in this case and the Plaintiffs' statements regarding rolling basis production." Exh. 6, Defs.' First Resp. to PETA's First Set of Doc. Req. On May 26, 2021, Defendants attempted to correct one of their many deficiencies by reproducing certain spreadsheets in native format. Exh. 7, Email from N. Young to Z. Graves (May 26, 2021). However, multiple spreadsheets at issue (Bates Nos. 5, 22, 95, 178) were not reproduced, and the native documents related to Defendants' 2019 financials differed from those produced in imaged format (Bates Nos. 180–192).

In addition to these deficiencies, the balance of Defendants' discovery deficiencies remains uncorrected. Defendants have produced no documents responsive to Requests 1–3, 5, 9, 12–19, 21, or 22, which requested various categories of records, including animal care and husbandry records, veterinary records, animal acquisition and disposition records, training manuals, photographs and videos, annual budgets, public complaints, communications with federal, state, and local agencies, and insurance policies. *See* Exh. 1. Moreover, Defendants have not adequately responded to the remaining requests, which seek records related to ownership of animals in Defendants' possession, animal care-related purchase records, accounting records for Animal Park, balance sheets for all corporate entities, documents related to specific bill payments, and tax returns for Tri-State and Animal Park. *See* Exh. 4 at 8–11.

Notably, Defendants have not objected to *any* of PETA's Document Requests. Instead, they have delayed furnishing valid and complete responses. Accordingly, PETA respectfully requests an order compelling Defendants to produce these documents.

## II.    Motion to Compel Verified Responses to Interrogatories.

On April 27, 2021, fifteen days after the applicable thirty-day deadline, Defendants Tri-State and Animal Park served their responses to PETA's Interrogatories. Exh. 8, Tri-State & Animal Park's Answers to PETA's First Set of Interrogatories; *see also* Fed. R. Civ. P. 33(b)(2). Defendants' responses are deficient in several respects as set forth in PETA's May 13, 2021 letter, including failing to include Defendants' counsel's signature as attorney of records (*see* Fed. R. Civ. P. 26(g)(2)). PETA attempted to confer with Defendants' regarding these deficiencies. *See* Exh. 4. To date, Defendants have failed to address any of the deficiencies PETA has identified.

---

[1]    PETA timely responded to Defendants' discovery requests and has already produced nearly 4,000 pages of documents, and is working diligently to produce the remaining responsive documents. Defense counsel's reference to "convenien[ce]" was in response to PETA's need to produce documents on a rolling basis, in light of the large number of documents to be reviewed (including multiple custodians' email accounts). Particularly with the fact discovery period quickly running out, Defendants cannot simply produce documents when "convenient."

Specifically, Defendant Candy, who responded to PETA's Interrogatories on Tri-State and Animal Park's behalf, failed to fully and adequately respond to Interrogatory Numbers 1–6, 8–11, 14, 18–19, and 21. *See* Exh. 4 at 2–8. For example, many of Mr. Candy's responses are incomplete and vague. Other interrogatory responses direct PETA to Defendants' document production in lieu of providing a written answer, but the produced documents do not contain responsive information, and in any event Rule 33(d) requires "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could," which Defendants have not done. *See* Fed. R. Civ. P. 33(d).

In addition to providing completely deficient responses, Mr. Candy has objected to the following Interrogatories as irrelevant: No. 8 (regarding enrichment plans), No. 9 (regarding any animal transfers), No. 10 (regarding enclosures), No. 11 (regarding heating, cooling and humidity), and No. 14 (regarding any animal escapes). *See* Exh. 8. The Court should overrule those objections. As detailed in PETA's May 13, 2021 letter, the information sought is relevant to Defendants' failure to provide the animals in their custody with adequate space, species-appropriate environments, and proper shelter, as well as their failure to provide for the animals' physical and psychological well-being, in accordance with applicable law. *See, e.g.*, Compl., ECF No. 1, ¶¶ 4, 18-20, 40-62, 90-92. Information regarding animal transfers is necessary to determine if Mr. Candy is adequately preserving evidence at the heart of this matter (the animals themselves), and may lead to the discovery of additional evidence regarding Defendants' failure to provide animals in their custody and control with care in accordance with applicable law. *See, e.g.*, *id.* ¶¶ 4, 18-20.

With fact discovery concluding on June 25, 2021, Defendants' delay has significantly prejudiced the Plaintiffs in this case, who do not have the same access to critical facts. Accordingly, PETA requests that this Court compel Defendants to respond without objection to PETA's Interrogatories and Document Requests. *See Sabol v. Brooks*, 469 F. Supp. 2d 324, 328 (D. Md. 2006) ("failure to make particularized objections to document requests constitutes a waiver of those objections."); Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection [to an interrogatory] is waived unless the court, for good cause, excuses the failure.").[2]

Respectfully submitted,

*/s/ Adam B. Abelson*

Adam B. Abelson

cc:   Counsel of Record (via CM/ECF)

---

[2]   On May 27, 2021, Defendants' counsel informed PETA that he was "following up with Mr. Candy on supplemental answers and objections" to PETA's "exceptions to the original interrogatory answers," and that he expected to send a formal response by May 28, 2020.

7747813.1