IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
–Southern Division–

| | |
|---|---|
| CONSTANCE COLLINS, *et al.*,<br><br>*Plaintiffs,*<br><br>–v–<br><br>TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al.*,<br><br>*Defendants.* | Case No. 1:20-cv-01225 |

**PLAINTIFF PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS, INC.'S FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS**

In accordance with Rule 34 of the Federal Rules of Civil Procedure, Local Rule 104, and the Discovery Guidelines, Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA") requests that Defendants Tri-State Zoological Park of Western Maryland, Inc., Animal Park, Care & Rescue, Inc., and Robert Candy ("Defendants") produce the following documents in their possession, custody, or control for inspection and/or copying within thirty days of service to the office of Zuckerman Spaeder LLP, 100 East Pratt Street, Suite 2440, Baltimore, Maryland 21202.

**Instructions**

1. You are requested to produce all responsive documents within your possession, custody, or control. This request expressly includes, but is not limited to, documents that are physically located in the office of your attorney or in the possession, custody or control of Jessica (Candy) Simmons. Without limitation of the term "control" as used in the preceding sentences, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. If any document requested was, but is no longer, in your possession or subject to your control as defined herein, state what disposition was made of it, and the date or dates, or approximate date or dates, on which such disposition was made.

2. To the extent that you do not produce any documents in response to a particular request because you do not have any responsive documents in your possession, custody, or control, you shall inform PETA of such in your written response to this request for production.

3. All documents produced in response to these requests are to be produced as they are kept in the usual course of business or shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.

4. To the extent that any responsive documents are withheld on a ground of privilege, please identify, as to each such document, the following information:

(a) its date, or if not dated, the time it was prepared or received;

(b) the type of document (e.g. letter, memorandum, photograph, reproduction);

(c) the author and addressee;

(d) its present location;

(e) the identity of the individual or person presently custodian or custodian thereof;

(f) a general description of its contents;

(g) the identity of each person who received a copy of such document and the relationship of such person to you;

(h) whether such document contains or relates to facts or opinions, or both;

(i) the nature of the privilege (e.g., work product, attorney-client, etc.) that you claim with respect to such document.

5. To the extent that a responsive document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. These requests cover all documents, including electronically stored

information (ESI), in, or subject to, your possession, custody, or control, including, but not limited to, all documents (including ESI) that you have the ability to obtain, that are responsive, in whole or in part, to these requests. *Information that exists in electronic form is specifically requested to be produced in native or near-native formats* and should not be converted to imaged formats. Native format requires production in the same format in which the information was customarily created, used and stored by you. The table below supplies examples of the native or near-native forms in which specific types of electronically stored information (ESI) should be produced.

| Source ESI | Native or Near-Native Form or Forms Sought |
|---|---|
| Microsoft Word documents | .DOC, .DOCX |
| Microsoft Excel spreadsheets | .XLS, .XLSX |
| Microsoft PowerPoint presentations | .PPT, .PPTX |
| Microsoft Access databases | .MDB, .ACCDB |
| WordPerfect documents | .WPD |
| Adobe Acrobat documents | .PDF |
| Images | .JPG, .JPEG, PNG |
| Video | .AVI, .FLV, .WMV, .MOV, .MP4 |
| E-mail | Messages should be produced in a form or forms that readily support import into standard e-mail client programs; that is, the form of production should adhere to the conventions set out in RFC 5322 (the internet e-mail standard). For Microsoft Exchange or Outlook messaging, .PST format will suffice. Single message production formats like .MSG or .EML may be furnished, if source foldering data is preserved and produced. For Lotus Notes mail, furnish .NSF files or convert to .PST. If your workflow requires |

| | |
|---|---|
| | that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native forms with parent/child relationships to the message and container(s) preserved and produced in a delimited text file. |
| Databases | Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving metadata values, keys and field relationships. If doing so is infeasible, please identify the database and supply information concerning the schema and query language of the database, along with a detailed description of its export capabilities, so as to facilitate crafting a query to extract and export responsive data. |

7. Documents that do not exist in native electronic formats or which require redaction of privileged content should be produced in searchable .PDF formats or as single page .TIFF images with OCR text furnished and logical unitization and family relationships preserved.

8. These requests should be regarded as ongoing, whereby you are to timely supplement them as additional documents may become available to you subsequent to your initial response.

9. Unless otherwise specified in a particular request, the documents requested are those that have been generated by or have been in your possession, custody, or control at any time **from January 1, 2015, to the present**.

## Definitions

1. The term "action" shall mean this case, which is titled *Constance Collins et al. v. Tri-State Zoological Park of Western Maryland, Inc. et al.*, Case No. 1:20-cv-01225, pending in the United States District Court for the District of Maryland.

2. The term "animal" means any nonhuman animal currently or formerly in the possession, custody, or control of any of the Defendants including any reptile, amphibian, bird, mammal, and tarantula of any age or gender. The term "animal" does not include any lion, tiger, or lemur.

3. "Answer" means the pleading filed by Defendants in this action, dated February 4, 2020.

4. "Communication" means any oral statement, dialogue, colloquy, discussion, correspondence, or conversation, and also means any transfer of thoughts or ideas between persons by means of documents and includes any transfer of data from one location to another by electronic or similar means.

5. "Date" shall mean the exact day, month, and year if ascertainable, or, if not, the best approximation thereof, including relationship to other events.

6. "Defendants" means Tri-State; Animal Park, Care & Rescue, Inc.; and Robert Candy.

7. "Document" or "documents" shall mean the original (or, if the original is not available, then a copy) and each copy or draft of all written, printed, typed, reported, recorded, or graphic matter, and all photographic matters or sound or video reproduction tapes, records, or other devices, however produced, reproduced or maintained, within your actual or constructive possession, custody or control or of which you have knowledge. "Document" or "documents" shall also include, but are not limited to, all correspondence, electronic mail ("e-mail"), text messages, cell phone call logs, any electronic communications by any means including, but not limited to,

Facebook postings, Instagram postings, tweets, or other social media messages, including direct messages, and any other information stored in an electronic medium.

8. "Electronically Stored Information" or "ESI" means all documents that are stored in any electronic medium from which information can be obtained.

9. "Person" means any natural individual in any capacity whatsoever or any entity or organization, including divisions, departments, and other units therein, and shall include, but not be limited to, public or private corporations, partnerships, joint ventures, voluntary or unincorporated associations, organizations, proprietorships, trusts, estates, governmental agencies, commissions, bureaus, or department, and the agents, servants, and employees of same.

10. "Plaintiffs" means PETA and Constance Collins.

11. The term "premises" means the property located at 10105 Cottage Inn Ln NE, Cumberland, Maryland 21502.

12. "Relating to" or "related to" means directly or indirectly concerning, respecting, referring to, pertaining to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, arising or resulting from, disagreeing with, showing, describing, analyzing, representing, constituting, including, or in any way legally, logically, or factually connected with the matter discussed.

13. "Proof of payment" means any receipts, pay slips, cancelled checks, and records of electronic banking transactions made by you or any third party on your

behalf.

14. "Third party" or "third parties" refers to individuals or entities that are not a party to this action.

15. "Tri-State" means Tri-State Zoological Park of Western Maryland, Inc.

16. "You" and "your" shall refer to the party (or parties) responding to these requests and as indicated by the context of each particular paragraph of these requests, and, with respect to Tri-State and Animal Park, Care & Rescue, Inc., shall include their predecessors, successors, assigns, agents, or representatives, including but not limited to Robert Candy and all other persons or entities acting or purporting to act at its direction or on their behalf during the time period referred to hereinafter.

17. The term "volunteer" shall mean any individual who worked without wages on the premises, in any capacity, for at least ten days.

18. The present tense includes all past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" shall be construed either conjunctively or disjunctively as broadly as necessary to make the requests inclusive rather than exclusive. Words in the masculine, feminine, or neuter form shall include each of the other genders.

## DOCUMENT REQUESTS

1. All documents referred to or otherwise relied upon in formulating your Answers to Plaintiff PETA's First Set of Interrogatories to Defendants Tri-State & Animal Park, Care & Rescue.

2. All documents relied on in formulating Defendants Answer to Plaintiffs' Complaint.

3. All documents relating to any animal in your possession, custody, or control, including but not limited to:

    a. veterinary records, necropsies, documents relating to any veterinary care program, and other husbandry records;

    b. enrichment or environmental enhancement plans;

    c. documents addressing policies or practices relating to handling and husbandry;

    d. documents relating to feeding, watering, food-handling, and/or food-storage protocols;

    e. video recordings, audio recordings, photographs;

    f. certificates of veterinary inspection ("CVIs"); and

    g. acquisition or disposition records.

4. All documents related to the ownership of any animal that is or has been in your possession, custody, or control, including all documents related to your possession of any animal.

5. All documents related to animal enclosures in which you house or have

housed animals, including any plans, protocols, or policies related to the construction of the enclosures, maintenance protocols or policies, temperature and humidity controls, UVA/UVB control, heating or cooling systems, water quality maintenance or testing programs for pools, and sanitation or cleaning protocols or policies.

6. All documents related to the purchase of items for the care of animals in your possession, including but not limited to receipts, invoices, and cancelled checks for food, nutritional supplements, veterinary supplies, veterinary care, cleaning products and supplies, substrate, bedding materials, toys, tires, boomer balls, bowling balls, perches, ropes, pools, or other environmental enrichment items.

7. All documents related to the "bill payments" processed by BBJDT Candy LLC, referenced in Defendants' Disclosure of Corporate Interests (ECF No. 32), including but not limited to receipts, invoices and cancelled checks.

8. All documents related to the "gate fees" received by BBJDT Candy LLC, referenced in Defendants' Disclosure of Corporate Interests (ECF No. 32), including but not limited to deposit slips, cancelled checks, or documents evidencing transfer of such fees to Defendants.

9. Tri-State, Animal Park, Care & Rescue, Inc., and BBJDT Candy LLC's annual budgets by year, for 2015 through and including 2020.

10. Tri-State, Animal Park, Care & Rescue, Inc., and BBJDT Candy LLC's accounting records by year, including general ledgers, balance sheets, profit and loss statements, and cash flow statements, for 2015 through and including 2020.

11. Tri-State, Animal Park, Care & Rescue, Inc., and BBJDT Candy LLC's

filed tax returns for 2015 through and including 2020.

12. All documents related to whether the conditions in which you keep animals are consistent with local, state, or federal law, and generally accepted animal husbandry standards, included, but not limited to, all documents that you "keep . . . on file for reference." Nov. 22, 2019 Trial Tr. at 35:20-22, *People for the Ethical Treatment of Animals, Inc. v. Tri-State Zoological Park of Western Maryland, Inc.*, 424 F. Supp. 3d 404 (D. Md. 2019).

13. All documents that set forth your policies or practices relating to socializing, contacting, or interacting with animals in your possession, including any manuals, instructions, notes, e-mail correspondence, guidelines, rules, protocols, and any other written materials.

14. All training manuals, instructions, handouts, background documents, or other documents provided to or shared with your volunteers or employees.

15. All documents related to the prevention or treatment of infestations of insects or rodents on the premises, including but not limited to written programs of insect and rodent control, documents related to the implementation of that plan, and all invoices for any and all insect or rodent control services.

16. All documents related to the acquisition, care, vaccination, and health of free-roaming animals on the premises, including but not limited to ducks, geese, peacocks, chickens, rabbits, and cats.

17. All documents related to the management and control of wild or feral animals including, but not limited to raccoons, skunks, mink, fox, and rodents that

enter the premises, but not including feral domestic cats.

18. All documents related to or constituting any communications, including documents related to litigation, with federal, state, or local agencies, including but not limited to the U.S. Department of Agriculture, U.S. Fish and Wildlife Service, Maryland Department of the Environment, Maryland Department of Natural Resources, Allegany County Sheriff's Office, and Allegany County Animal Control.

19. All documents related to or constituting any complaints, reviews, or comments received from anyone by any means regarding the animals at, or the operation of, Tri-State or Animal Park, Care & Rescue.

20. All documents that you contend support that you have the financial wherewithal to care for the animal in your possession, custody, or control.

21. All insurance policies that may provide coverage for, or relate in any way to, the animals in your possession, custody, or control, or the operation of Tri-State, Animal Park, Care & Rescue, or BBJDT Candy LLC.

22. All videos containing surveillance recordings on the premises.

| Date | March 12, 2021<br>Baltimore, Maryland | Respectfully submitted,<br><br>*/s/ Adam Abelson*<br>Adam Abelson (#29532)<br>ZUCKERMAN SPAEDER LLP<br>100 East Pratt Street, Suite 2440<br>Baltimore, Maryland 21202<br>(410) 332–0444; (410) 659–0436 (fax)<br>aabelson@zuckerman.com<br><br>Marcos E. Hasbun (Pro Hac Vice)<br>ZUCKERMAN SPAEDER LLP |
|---|---|---|

7613201 1

101 East Kennedy Boulevard, Suite 1200
Tampa, Florida 33602–5838
(813) 221–1010; (813) 223–7961 (fax)
mhasbun@zuckerman.com

Caitlin Hawks (Pro Hac Vice)
Zeynep Graves (Pro Hac Vice)
James Erselius (Pro Hac Vice)
PETA Foundation
2154 West Sunset Boulevard
Los Angeles, CA 90026
(323) 210-2263; (213) 484-1648 (fax)
caitlinh@petaf.org
zeynepg@petaf.org
jamese@petaf.org

*Counsel for Plaintiff People for the Ethical Treatment of Animals, Inc.*