IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
–Southern Division–

| | |
|---|---|
| CONSTANCE COLLINS, *et al.*,<br><br>*Plaintiffs,*<br><br>–v–<br><br>TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al.*,<br><br>*Defendants.* | Case No. 1:20-cv-01225 |

**PLAINTIFF PEOPLE FOR THE ETHICAL TREATMENT OF ANIMALS INC.'S FIRST SET OF INTERROGATORIES TO DEFENDANTS TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC. & ANIMAL PARK, CARE & RESCUE, INC.**

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Local Rule 104, and the Discovery Guidelines, Plaintiff People for the Ethical Treatment of Animals, Inc. ("PETA") propounds the following interrogatories on Defendants Tri-State Zoological Park of Western Maryland, Inc. and Animal Park, Care & Rescue, Inc. You shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth below.

**Instructions**

1. Each interrogatory shall be answered to the fullest extent of your present knowledge, and each interrogatory answer is to be set forth separately. Interrogatories should not be combined for the purpose of supplying a common

answer thereto, but answers may be supplied by reference to the answer to another interrogatory.

2. Where an interrogatory cannot be answered in full, state why and furnish all available information. Estimated data should be given when, but only when, exact data cannot be supplied. Any estimated data should be identified as such. The source(s) and means of derivation of each estimate should be specifically set forth.

3. These interrogatories shall be deemed to be continuing, so as to require supplemental answers where you or your attorneys come into possession of knowledge or information responsive to these interrogatories which has not previously been supplied. Such supplemental answers are to be served before trial and within a reasonable time after the information or knowledge is obtained. The date such additional knowledge came into your possession shall be specified, together with the identity of the individual(s) who furnished such additional knowledge or information to the person preparing the information.

4. If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition, the responding party's answer shall set for the matter deemed ambiguous and the construction used in answering.

5. Unless otherwise specified in a particular interrogatory, the information requested is for the period January 1, 2015 to the present.

**Definitions**

1. The term "action" shall mean this case, which is titled *Constance Collins*

*et al.. v. Tri-State Zoological Park of Western Maryland, Inc. et al.*, Case No. 1:20-cv-01225, pending in the United States District Court for the District of Maryland.

2. The term "animal" means any nonhuman animal currently or formerly in the possession, custody, or control of any of the Defendants including any reptile, amphibian, bird, mammal, and tarantula of any age or gender. The term "animal" does not include any lion, tiger, or lemur.

3. "Answer" means the pleading filed by Defendants in this action, dated February 4, 2020.

4. "Complaint" means the Complaint filed by Plaintiffs in this action, dated May 14, 2020.

5. "Date" shall mean the exact day, month, and year if ascertainable, or, if not, the best approximation thereof, including relationship to other events.

6. "Defendants" means Tri-State, Animal Park, Care & Rescue, Inc., and Robert Candy.

7. "Document" or "documents" shall mean the original (or, if the original is not available, then a copy) and each copy or draft of all written, printed, typed, reported, recorded, or graphic matter, and all photographic matters or sound or video reproduction tapes, records, or other devices, however produced, reproduced, or maintained, within your actual or constructive possession, custody or control or of which you have knowledge. "Document" or "documents" shall also include, but are not limited to, all correspondence, electronic mail ("e-mail"), text messages, cell phone call logs, any electronic communications by any means including, but not limited to,

Facebook postings, Instagram postings, tweets, or other social media messages, including direct messages, and any other information stored in an electronic medium.

8.  "Electronically Stored Information" or "ESI" means all documents that are stored in any electronic medium from which information can be obtained.

9.  "Identify," as that term relates to a document, means to provide the following information, irrespective of whether the document is deemed privileged or subject to any claim of privilege or immunity from discovery:

    (a)    The title and other means of identification of the document;

    (b)    When the document was prepared;

    (c)    The preparer of the document;

    (d)    The person for whom and/or at whose direction the document was prepared;

    (e)    The purpose of the document;

    (f)    The names of everyone who participated in the preparation of the document, and what each such person did in connection with its preparation;

    (g)    The present location of any and all copies of the document; and

    (h)    The names and current addresses of any and all persons who have custody or control of the document or copies thereof.

In lieu of "identifying" any such document, it shall be deemed a sufficient response to provide a copy of such document to counsel for PETA at the time you

respond to these interrogatories and to identify each specific interrogatory in response to which the document is being produced.

10. "Identify" when referring to an individual, a corporation or other entity (whether connected with description of documents, oral communications or otherwise), shall mean to set forth the name, and if a corporation or other entity, its principal place of business, or if any individual, the present or last known home address, by whom employed and address of place of employment, and his or her job title. Once an individual, corporation, or other entity thus has been identified in an answer to an interrogatory, it shall be sufficient thereafter when identifying that individual, corporation, or other entity to state merely his, her, or its name.

11. "Person" means any natural person, corporation, partnership, proprietorship, association, or other organization or group of persons.

12. "Plaintiffs" means PETA and Constance Collins.

13. The term "premises" means the property located at 10105 Cottage Inn Ln NE, Cumberland, Maryland 21502.

14. "Refuse" means trash or garbage, including, but not limited to, animal waste, animal bedding, or food waste.

15. The words "relating to" means concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, not evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

16. "Third party" or "third parties" refers to individuals or entities that are not a party to this action.

17. "Tri-State" means Tri-State Zoological Park of Western Maryland, Inc.

18. "You" and "your" shall refer to the party (or parties) responding to these interrogatories and as indicated by the context of each particular paragraph of these interrogatories, and, with respect to Tri-State and Animal Park, Care & Rescue, Inc., shall include their predecessors, successors, assigns, agents, or representatives, including but not limited to Robert Candy and all other persons or entities acting or purporting to act at its direction or on their behalf during the time period referred to hereinafter.

19. The term "volunteer" shall mean any individual who worked without wages at the premises, in any capacity, for at least ten days.

20. The present tense includes all past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all"; "any" means "any and all." "Including" means "including but not limited to." "And" and "or" shall be construed either conjunctively or disjunctively as broadly as necessary to make the requests inclusive rather than exclusive. Words in the masculine, feminine, or neuter form shall include each of the other genders.

## INTERROGATORIES

**Interrogatory No. 1**   Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or your Answer, and state the subject matter of the personal knowledge possessed by each such person.

**Interrogatory No. 2**     Identify all your current and former employees and volunteers by name, job title, beginning and ending dates of employment or period of volunteering, whether they were paid (and if so, their hourly wage(s)), and general duties and responsibilities, since January 1, 2015. For former employees and volunteers, please also provide their last known address and contact information.

**Interrogatory No. 3**     Identify each animal you have possessed from January 1, 2015 to the present, including by providing the name, sex, species, date of birth, date of death (if applicable), pedigree (*i.e.*, information regarding the animals' parents), microchip numbers, if any, dates you possessed the animal, the identity of the owner of the animal, and current location of each animal.

**Interrogatory No. 4**     Identify and provide contact information for each veterinarian used to provide veterinary care to any animal that is or was in your possession, custody, or control from January 1, 2015 to the present, including by identifying the time period during which each veterinarian worked with such animals.

**Interrogatory No. 5**     Identify and provide a complete and detailed description of each death of any animal in your possession, custody, or control from January 1, 2015 to the present, including veterinary care provided, cause of death, and whether a necropsy was performed.

**Interrogatory No. 6**     Provide a complete and detailed description of the type and quantity of food provided, the source of such food (*i.e.*, purchased by you, or donated to you), and the manner in which you provide and have provided food and

— 7 —

drinking water, including by whom and how frequently, for each animal in your possession, custody, or control, from January 1, 2015 to present.

**Interrogatory No. 7**  Provide a complete, separate, and detailed description of the manner in which food is stored, prepared, handled, defrosted, and disposed of for each animal in your possession, custody, or control, from January 1, 2015 to present.

**Interrogatory No. 8**  Provide a complete, separate, and detailed description of the enrichment provided for the animals in your possession, custody, or control, including a description of any enrichment plan(s), how and how often such enrichment is changed or varied, and how and how often the effectiveness of enrichment provided is evaluated and assessed.

**Interrogatory No. 9**  Provide a complete, separate, and detailed description of each transfer of an animal between you and a third party, including the name and age of the animal at the time of transfer, the date of the transfer, the sending or recipient party, and the dollar amount, or any other consideration, paid or received by you for such transfer, if any.

**Interrogatory No. 10**  Provide a complete, separate, and detailed description of the enclosures in which you house or have housed animals, from January 1, 2015 to the present, whether the enclosure is fully indoors or both indoors and outdoors, the exact dimensions of any indoor and outdoor sections, and the dates in which the animals are or were housed in each enclosure.

**Interrogatory No. 11**   Provide a complete, separate, and detailed description of how each animal enclosure in which you house or have housed animals, from January 1, 2015 to the present, is heated, cooled, illuminated, ventilated, and humidified, including a description of the types of equipment used and how often the equipment is assessed or changed.

**Interrogatory No. 12**   Provide a complete, separate and detailed description of how each animal enclosure in which you house or have housed animals from January 1, 2015 to the present is cleaned, including the frequency of cleaning, the cleaning methods and products used, and the identities of all employees or volunteers responsible for cleaning the animal enclosures.

**Interrogatory No. 13**   Provide a complete and detailed description of how and where refuse is discarded from January 1, 2015 to the present, including the refuse's proximity to Evitts Creek.

**Interrogatory No. 14**   Provide a complete, separate, and detailed description of any animal escapes from the premises, including the species that escaped, the date of the escape, and if, when, and how the animal was recovered.

**Interrogatory No. 15**   Identify each and every document or other piece of evidence relevant or potentially relevant to Plaintiffs' claims which has been lost, destroyed, or cannot be found. For each such document or other piece of evidence, state the date on which it was lost or destroyed and whether a copy was made.

**Interrogatory No. 16**   Describe your efforts to preserve documents potentially relevant to, and discoverable in, this action, including your efforts to

implement a "litigation hold" of electronically stored information ("ESI") from the time that you were put on notice of the potential for legal action or litigation to be initiated by Plaintiffs.

**Interrogatory No. 17**  Identify anywhere (physical or electronic) in your possession, custody, or control where potentially discoverable information may be found, including, but not limited to, all computers, phones, filing cabinets, or boxes.

**Interrogatory No. 18**  Identify Tri-State's and Animal Park, Care & Rescue Inc.'s annual expenditures per year, from and including 2015 through and including 2020, for: (a) animal food; (b) veterinary care and supplies; (c) animal enrichment; (d) cleaning equipment and products for animal enclosures; (e) employee salaries; (f) employee and volunteer training in animal care and husbandry; (g) utilities for the premises; (h) rental payments for the premises; and (i) any and all other payments associated with maintaining the premises and/or caring for the animals on the premises.

**Interrogatory No. 19**  Identify Tri-State's and Animal Park, Care & Rescue, Inc.'s annual revenue per year, from and including 2015 through and including 2020.

**Interrogatory No. 20**  Identify all donations (monetary or in-kind) received by Tri-State and Animal Park, Care & Rescue, Inc. per year, from and including 2015 through and including 2020.

**Interrogatory No. 21**  Please identify all persons answering these interrogatories, assisting with answering these interrogatories, or that you consulted

in answering these interrogatories and identify all documents that you relied on or referenced to answer these interrogatories.

| Date | March 12, 2021<br>Baltimore, Maryland | Respectfully submitted,<br><br>/s/ *Adam Abelson*<br>Adam Abelson (#29532)<br>ZUCKERMAN SPAEDER LLP<br>100 East Pratt Street, Suite 2440<br>Baltimore, Maryland 21202<br>(410) 332–0444; (410) 659–0436 (fax)<br>aabelson@zuckerman.com<br><br>Marcos E. Hasbun (Pro Hac Vice)<br>ZUCKERMAN SPAEDER LLP<br>101 East Kennedy Boulevard, Suite 1200<br>Tampa, Florida 33602–5838<br>(813) 221–1010; (813) 223–7961 (fax)<br>mhasbun@zuckerman.com<br><br>Caitlin Hawks (Pro Hac Vice)<br>Zeynep Graves (Pro Hac Vice)<br>James Erselius (Pro Hac Vice)<br>PETA Foundation<br>2154 West Sunset Boulevard<br>Los Angeles, CA 90026<br>(323) 210-2263; (213) 484-1648 (fax)<br>caitlinh@petaf.org<br>zeynepg@petaf.org<br>jamese@petaf.org<br><br>*Counsel for Plaintiff People for the Ethical Treatment of Animals, Inc.* |
|---|---|---|