

Adam B. Abelson
Zuckerman Spaeder LLP
aabelson@zuckerman.com
(410) 949-1148

May 13, 2021

**VIA E-MAIL** (*nevinyounglaw@gmail.com*)

Nevin L. Young
170 West St.
Annapolis, Maryland 21401

      Re:    *Collins v. Tri-State Zoological Park of Western Maryland, Inc.*,
              Case No. 20-cv-1225

Dear Nevin:

      On March 12, 2021, Plaintiff People for the Ethical Treatment of Animals, Inc ("PETA") served its First Set of Document Requests on Defendants Tri-State Zoological Park of Western Maryland, Inc. ("Tri-State"), Animal Park, Care & Rescue, Inc. ("Animal Park"), and Robert Candy (collectively "Defendants"). On April 20, 2021, Defendants produced 260 pages of documents that consisted of a partial set of financial records and a grossly deficient animal inventory. To date, Defendants have not served responses or objections to PETA's Document Requests. On March 12, 2021, PETA served its First set of Interrogatories to Defendants Tri-State and Animal Park and its First Set of Interrogatories to Defendant Robert Candy. On April 27, 2021, Defendants served responses that are likewise deficient in several respects.

      First, Defendants must respond to PETA's First Set of Document Requests. *See* Fed. R. Civ. P. 34(b)(2); Local Rule 104.6. Defendants merely produced documents, without any index or other indication of which requests these documents are purported to be responsive to.

      Second, I note that both sets of responses to PETA's Interrogatories fail to include your signature as attorney of record, as required under Rule 26(g)(2) of the Federal Rules of Civil Procedure. Until you affix your signature, these are not deemed valid responses. *See* Fed. R. Civ. P. 26(g)(2) ("Other parties have no duty to act on an unsigned disclosure, request, response, or objection until it is signed, and the court must strike it unless a signature is promptly supplied after the omission is called to the attorney's or party's attention."). Unjustified violation of this rule is grounds for sanction under Rule 26(g)(3).

Third, a review of the responses to PETA's Interrogatories and Defendants' limited document production, which appears to be responsive only to a limited subset of PETA's requests, reveals they are egregiously deficient, as set forth below. Given that fact discovery concludes in less than two months, PETA is substantially prejudiced by Defendants' delay in furnishing responses, let alone valid and complete responses. To avoid further prejudice to PETA, each deficiency must be adequately addressed by Defendants no later than May 26, 2021 to avoid a letter to the Court, pursuant to the Court's February 25, 2021 order.

## I.     Deficiencies in Defendants' Response to PETA's First Set of Interrogatories to Defendants Tri-State and Animal Park

### Interrogatory No. 1

Interrogatory No. 1 asked Tri-State and Animal Park to "[i]dentify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or your Answer, and state the subject matter of the personal knowledge possessed by each such person."

Mr. Candy's response to this Interrogatory is deficient. It fails to include the subject matter of the knowledge possessed by the listed individuals, such as Jimmy Moon, Bryer Saville, Dr. Gold, Dr. Cranfield, Dr. Bergman, Dr. Shepard, and Dr. Adams. Further, based on text messages produced by Dr. Gold, PETA is aware of at least one other individual, Dr. Spinks, who is likely to have personal knowledge of facts alleged in the Complaint or Defendants' Answer, but was not identified in Defendants' response.

### Interrogatory No. 2

Interrogatory No. 2 asked Tri-State and Animal Park to "[i]dentify all your current and former employees and volunteers by name, job title, beginning and ending dates of employment or period of volunteering, whether they were paid (and if so, their hourly wage(s)), and general duties and responsibilities, since January 1, 2015. For former employees and volunteers, please also provide their last known address and contact information."

Mr. Candy's response to this Interrogatory is deficient. Mr. Candy's response fails to include, for example, the last known address and period of volunteering for former volunteers Bonnie Keller House, Richard Donophan, Rita Wagner, John Harr,

Jenn Harr, Kristine Hoffengardner, Kathy Moran, Jason Woolard, and Betty Acks. Further, the response fails to include the job titles, general duties, and responsibilities for all volunteers referenced in Defendants' response to Interrogatory No. 1. For example, in response to Interrogatory No. 1, it is unclear what "general duties," "various volunteer projects," and "general help" refer to.

**Interrogatory No. 3**

Interrogatory No. 3 asked Tri-State and Animal Park to "[i]dentify each animal you have possessed from January 1, 2015 to the present, including by providing the name, sex, species, date of birth, date of death (if applicable), pedigree (*i.e.*, information regarding the animals' parents), microchip numbers, if any, dates you possessed the animal, the identity of the owner of the animal, and current location of each animal."

Mr. Candy's response to this Interrogatory is deficient. The response directs PETA to "spreadsheets provided in response to the request for production of documents." However, the documents contained in Defendants' April 20, 2021 production are incomplete and contain clearly erroneous information. *See* Candy 0243 (listing Rusty's date of birth as July 19, 2017 and his date of death as April 18, 2017). Mr. Candy's response also fails to clearly identify, for each animal:
- Complete date of birth (day, month, year);
- Date of death (if applicable);
- Pedigree;
- Dates Defendants' possessed the animal;
- Current location of the animal;
- Owner of the animal: an owner is not listed for many of the animals and it is unclear to whom or what the "P," "Baltimore," "rehabber," "ECR," "DNR," and "zoo" notations in the "owner" column of table refer; and
- Microchip numbers.

**Interrogatory No. 4**

Interrogatory No. 4 asked Tri-State and Animal Park to "[i]dentify and provide contact information for each veterinarian used to provide veterinary care to any animal that is or was in your possession, custody, or control from January 1, 2015 to the present, including by identifying the time period during which each veterinarian worked with such animals."

Mr. Candy's response to this interrogatory is deficient. Mr. Candy's response to this Interrogatory fails to include, for example, full names and contact information, including addresses, phone numbers, and e-mail addresses, if any, for each veterinarian listed in Mr. Candy's response to Interrogatory No. 1, and the time period each veterinarian worked with each animal.

**Interrogatory No. 5**

Interrogatory No. 5 asked Tri-State and Animal Park to "[i]dentify and provide a complete and detailed description of each death of any animal in your possession, custody, or control from January 1, 2015 to the present, including veterinary care provided, cause of death, and whether a necropsy was performed."

Mr. Candy's response to this interrogatory ("See answer to Interrogatory No. 3," which in turn refers to "spreadsheets provided") is deficient. *See, e.g.*, Candy 0245 (providing no cause of death for Sheba and Brownie); Candy 0246 (listing "scarlet-accident" and "lost due to VOL. Accident" as cause of death for Sinbad and "Various Cacatoos," respectively). Mr. Candy's response to this Interrogatory fails to include a detailed description of any and all veterinary care provided to the animals identified, including dates of veterinary visits and consultations, details regarding any veterinary diagnoses, a description of the types of treatments that were provided, and whether a necropsy was performed.

Additionally, please note that if Defendants satisfy the requirements of Federal Rule of Civil Procedure 33(d) and opt to produce business records in lieu of a written answer, Defendants' must comply with Rule 33(d), including by "specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could" and by only relying on their "business records" and not business records of a third-party (such as veterinary records). *See* Fed. R. Civ. P. 33(d).

**Interrogatory No. 6**

Interrogatory No. 6 asked Tri-State and Animal Park to "[p]rovide a complete and detailed description of the type and quantity of food provided, the source of such food (*i.e.*, purchased by you, or donated to you), and the manner in which you provide and have provided food and drinking water, including by whom and how frequently, for each animal in your possession, custody, or control, from January 1, 2015 to

7747813 1

present."

Mr. Candy's response to this Interrogatory is incomplete and vague. Mr. Candy's response fails to include the quantity of food provided, a detailed description of the type of food each animal is provided, and the name of the individuals providing the food and water to each animal.

**Interrogatory No. 8**

Interrogatory No. 8 asked Tri-State and Animal Park to "[p]rovide a complete, separate, and detailed description of the enrichment provided for the animals in your possession, custody, or control, including a description of any enrichment plan(s), how and how often such enrichment is changed or varied, and how and how often the effectiveness of enrichment provided is evaluated and assessed."

Mr. Candy's response to this Interrogatory is incomplete and vague. Mr. Candy's response to this Interrogatory fails to include a separate and detailed description of the enrichment provided for all animals in Defendants' possession, including a detailed description regarding how and how often it is changed or varied.

Mr. Candy's objection that this Interrogatory is irrelevant is without merit. Information responsive to this Interrogatory is relevant because it will demonstrate Defendants' failure to provide for the animals' physical and psychological well-being in accordance with applicable law. *See, e.g.*, Complaint ¶¶ 4, 18-20.

**Interrogatory No. 9**

Interrogatory No. 9 asked Tri-State and Animal Park to "[p]rovide a complete, separate, and detailed description of each transfer of an animal between you and a third party, including the name and age of the animal at the time of transfer, the date of the transfer, the sending or recipient party, and the dollar amount, or any other consideration, paid or received by you for such transfer, if any."

As an initial matter, Defendants' objection that this interrogatory "does not specify a date range" is incorrect; the Interrogatories' instructions specified a time period of January 1, 2015 to the present.

Further, Mr. Candy's response to this Interrogatory is deficient. Based on the spreadsheets Defendants provided in their April 20, 2021 production, several animals

were transferred to third parties, including, for example, Rocket, two unnamed skunks, as well as Cody, Loki, and Kobe, who were transferred to Space Farms during the pendency of this suit. Mr. Candy's response fails to provide any details regarding these transfers.

Mr. Candy's relevance objection is without merit. Details of these transfers is necessary to determine if Mr. Candy is adequately preserving evidence at the heart of this matter—*i.e.*, the animals themselves. Details regarding third-party transfers may also lead to the discovery of additional evidence regarding Defendants' failure to provide animals in their custody and control with care in accordance with applicable law. *See, e.g.*, Complaint ¶¶ 4, 18-20.

### **Interrogatory No. 10**

Interrogatory No. 10 asked Tri-State and Animal Park to "provide a complete, separate, and detailed description of the enclosures in which you house or have housed animals, from January 1, 2015 to the present, whether the enclosure is fully indoors or both indoors and outdoors, the exact dimensions of any indoor and outdoor sections, and the dates in which the animals are or were housed in each enclosure."

Mr. Candy's response to this Interrogatory is deficient because it does not provide complete, detailed descriptions of each enclosure.

Mr. Candy's objection that this Interrogatory is irrelevant is without merit. The information requested is relevant to demonstrate Defendants' failure to provide the animals in its custody with adequate space in accordance with applicable law. *See, e.g.*, Complaint ¶¶ 19, 90-92.

### **Interrogatory No. 11**

Interrogatory No. 11 asked Tri-State and Animal Park to "[p]rovide a complete, separate, and detailed description of how each animal enclosure in which you house or have housed animals, from January 1, 2015 to the present, is heated, cooled, illuminated, ventilated, and humidified, including a description of the types of equipment used and how often the equipment is assessed or changed."

Mr. Candy's response to this interrogatory is deficient. Mr. Candy's response to this Interrogatory fails to describe, for example:
- the types of equipment used to humidify and provide UV lighting;

- which animals are provided with UV light; or
- how equipment is assessed or changed.

The information requested is relevant to demonstrate Defendants' failure to provide the animals in their custody with species-appropriate environments and failure to provide for the animals' physical well-being in accordance with applicable law. *See, e.g.*, Complaint ¶¶ 4, 18-20, 40-62.

**Interrogatory No. 14**

Interrogatory No. 14 asked Tri-State and Animal Park to "[p]rovide a complete, separate, and detailed description of any animal escapes from the premises, including the species that escaped, the date of the escape, and if, when, and how the animal was recovered."

Based on the documents Defendants provided in their April 20, 2021 production, at least two birds may have escaped. *See* Candy 0246 (noting "escape/stolen" for two birds). Defendants' own document production, therefore, contradicts Mr. Candy's response that there "have been no animal escapes."

Additionally, Mr. Candy's objection that this Interrogatory is irrelevant is without merit. Information responsive to this Interrogatory is relevant to PETA's case because it will demonstrate Defendants' failure to provide animals with proper shelter and failure to provide for the animals' physical well-being in accordance with applicable law. *See, e.g.*, Complaint ¶¶ 4, 18-20, 40-62.

**Interrogatory No. 18**

Interrogatory No. 18 asked Tri-State and Animal Park to "[i]dentify Tri-State's and Animal Park, Care & Rescue Inc.'s annual expenditures per year, from and including 2015 through and including 2020, for: (a) animal food; (b) veterinary care and supplies; (c) animal enrichment; (d) cleaning equipment and products for animal enclosures; (e) employee salaries; (f) employee and volunteer training in animal care and husbandry; (g) utilities for the premises; (h) rental payments for the premises; and (i) any and all other payments associated with maintaining the premises and/or caring for the animals on the premises."

Defendants' response was to direct PETA to Defendants' "document production, including expenses and income from 2015 through 2019 as shown on spreadsheets." The documents provided in Defendants' April 20, 2021 production,

however, do not identify Animal Park's annual expenditures per year for the dates requested. Any information not reflected in those documents must be provided in response to this Interrogatory.

Moreover, Mr. Candy's assertion that "[a]ll spreadsheets presently available have been produced" is not responsive. PETA did not request spreadsheets. To the extent that Tri-Sate and Animal Park have responsive information, including information in other formats, this information must be produced.

**Interrogatory No. 19**

Interrogatory No. 19 asked Tri-State and Animal Park to "[i]dentify Tri-State's and Animal Park, Care & Rescue, Inc.'s annual revenue per year, from and including 2015 through and including 2020."

Defendants' response was to direct PETA to Defendants' "production of documents numbered 1-260, but none of the produced documents identifies Animal Park's annual revenue per year for the dates requested.

**Interrogatory No. 21**

Interrogatory No. 21 asked Tri-State and Animal Park to "[i]dentify all persons answering these interrogatories, assisting with answering these interrogatories, or that you consulted in answering these interrogatories and identify all documents that you relied on or referenced to answer these interrogatories."

Defendants' response to this interrogatory is deficient because although it states that the interrogatories "were answered on behalf of all defendants by Robert Candy" it does not identify anyone with whom Mr. Candy consulted in answering these interrogatories.

## II. Deficiencies in Defendants' Response to PETA's First Set of Document Requests

Defendants did not respond to PETA's First Set of Document Requests. Instead, Defendants produced incomplete financial records and a grossly deficient animal inventory. In light of this, it is not clear to PETA which requests these documents are purported to be responsive to, whether Defendants are objecting to any requests (and, if so, whether it is resting on any of those objections), and whether

Defendants consider their obligations to produce responsive document to be satisfied. As noted above, please provide Defendants' written responses to the document requests by May 26.

In addition to failing to provide any written responses to PETA's document requests, the limited and incomplete records Defendants have produced contain no documents even remotely responsive to Document Request Nos. 1–3, 5, 9, 12–19, 21, 22. And to the extent that the produced documents purport to be responsive to Document Request Nos. 4, 6, 7, 10, 11, the production is grossly deficient, as further detailed below. PETA reserves its rights with respect to all of its discovery requests, and in particular with respect to the document requests, to which Defendants have served no written response.

**Document Request No. 4**

Document Request No. 4 asked for: "[a]ll documents related to the ownership of any animal that is or has been in your possession, custody, or control, including all documents related to your possession of any animal."

To the extent that the produced documents purport to be responsive to Document Request No. 4, Defendants' production is deficient. Defendants' production fails to include, for example:

- Loan agreements;
- Transfer records;
- Certificates of veterinary inspection ("CVIs");
- Acquisition or disposition records; and
- Maryland Department of Natural Resources records.

**Document Request No. 6**

Document Request No. 6 asked for: "[a]ll documents related to the purchase of items for the care of animals in your possession, including but not limited to receipts, invoices, and cancelled checks for food, nutritional supplements, veterinary supplies, veterinary care, cleaning products and supplies, substrate, bedding materials, toys, tires, boomer balls, bowling balls, perches, ropes, pools, or other environmental enrichment items."

To the extent that the produced documents purport to be responsive to Document Request No. 6, Defendants' production is deficient. First, Defendants failed

to produce its spreadsheets in native or near-native format, such as, for example, Excel documents. *See* PETA's First Set of Document Requests to Defendants at 3–5 ("*Information that exists in electronic form is specifically requested to be produced in native or near-native formats* and should not be converted to imaged formats. Native format requires production in the same format in which the information was customarily created, used and stored by you."). Additionally, Defendants' production fails to include, for example, purchase records, such as invoices, receipts, or electronic banking transactions, for food, nutritional supplements, bedding, veterinary supplies, and any environmental enrichment items.

### Document Request No. 7

Document Request No. 7 asked for: "[a]ll documents related to the 'bill payments' processed by BBJDT Candy LLC, referenced in Defendants' Disclosure of Corporate Interests (ECF No. 32), including but not limited to receipts, invoices and cancelled checks."

To the extent that the produced documents purport to be responsive to Document Request No. 7, Defendants' production is deficient. Defendants' production fails to include, for example, receipts, invoices, and cancelled checks.

### Document Request No. 10

Document Request No. 10 asked for: "Tri-State, Animal Park, Care & Rescue, Inc., and BBJDT Candy LLC's accounting records by year, including general ledgers, balance sheets, profit and loss statements, and cash flow statements, for 2015 through and including 2020."

To the extent the produced documents purport to be responsive to Document Request No. 10, Defendants' production is deficient. Defendants' production fails to include accounting records for Animal Park, balance sheets (including lists of assets) for all corporate entities, and accounting spreadsheets for Tri-State and BBJDT Candy LLC in native or near-native format.

### Document Request No. 11

Document Request No. 11 asked for: "Tri-State, Animal Park, Care & Rescue, Inc., and BBJDT Candy LLC's filed tax returns for 2015 through and including 2020."

To the extent that the produced documents purport to be responsive to Document Request No. 11, Defendants' production is deficient. Defendants did not provide tax returns for Tri-State or Animal Park.

Defendants must respond to PETA's First Set of Document Requests, and, for each Document Request, either produce the requested documents, or, if they have no such documents, affirmatively state that they do not have any such documents. Please arrange for Defendants to respond to PETA's requests and produce any responsive documents by May 26, 2021.

*****

Please correct these deficiencies as soon as possible, but no later than May 26, 2021. Let me know if you have any questions.

Respectfully,

*/s/ Adam B. Abelson*

Adam B. Abelson

7747813 1