IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
–Northern Division–

| | |
|---|---|
| CONSTANCE COLLINS, ET AL., <br><br> *Plaintiffs* <br><br> –v– <br><br> TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al.*, <br><br> *Defendants.* | Case No. 8:20-cv-01225 |

**MOTION TO SET LIMITED SUMMARY JUDGMENT
HEARING AS TO DIVERSITY JURISDICTION/AMOUNT IN CONTROVERSY
AND FOR OTHER RELATED RELIEF**

Now Come the Defendants and file this Motion as captioned above, and state:

1.  The Defendants were sued in this Court under a claim of diversity jurisdiction by the Plaintiffs, Constance Collins and People for the Ethical Treatment of Animals, Inc.

2.  During this litigation and a prior Endangered Species Act Litigation, Case No. 17-2148, the Plaintiff PETA has maintained that the Zoo does not have adequate funds to pursue its mission.

3.  Documents produced in discovery in this case have shown that the Zoo has operated at a loss for at least the last five years, and has likely always operated at a loss. (See attached Schedule C forms produced by Robert Candy in this litigation, attached as Exhibit A. If this Court orders that this matter be specifically briefed, Defendants expect

— 1 —

that these schedules will be supported by Excel spreadsheets showing specific expenses and income for those years, as well as a summary for 2020 showing that the Zoo lost money last year as well. The Zoo would also submit an affidavit by Robert Candy that he has received only one dollar per year as a nominal salary from the Zoo, and that there is no other income or revenue from the Zoo's activities). The Zoo does not believe there will be any serious dispute about the validity of the losses shown in the Zoo's records, but even if trivial disputes exist, there will be no evidence that the Zoo could ever make a profit at its activities, or ever has made a profit.

4. Even without considering the sanctions order entered by this Court in Case No. 17-2148, the motion for taxable costs in Case No. 17-2148, or the fee award as requested by PETA in Case No. 17-2148, the Zoo's losses show that the Zoo's operations have been a labor of love for Mr. Candy. However, diversity jurisdiction is not a matter of love, but money.

5. It would be very unfortunate for both sides of this litigation to pursue the time and expense of expert discovery, and to brief summary judgment on all matters pending before the Court, if in fact this Court does not have subject matter jurisdiction due to a failure of the amount in controversy.

6. This matter has been discussed with counsel for PETA, and PETA has asserted that due to prior settlement negotiations between the parties, there is evidence that the Zoo in fact values its continued activities at more than $75,000.

7.      The Zoo disagrees with this assertion, because prior settlement negotiations between the parties always included additional relief beyond what could be obtained by a Court judgment, and therefore, additional consideration existed to support the Zoo's settlement demands.

8.      Via email sent to the Zoo's counsel, PETA has expressed a belief that it should be allowed to introduce prior settlement negotiations between the parties in support of its claim of diversity jurisdiction. The Zoo disagrees as to the propriety of such a course of action, but if PETA does so, the Zoo may have no choice but to respond in kind and introduce additional information about those settlement negotiations.

9.      Although counsel for Defendants is aware of no strict ethical prohibition as to a specific judge remaining involved in a case once privy to the details of settlement negotiations, it does seem to import at least an appearance of impropriety for a judge to preside over the trial of a matter after having been exposed to the settlement negotiations in a case. Generally speaking, judges who mediate settlement negotiations or otherwise involve themselves in settlement discussions between parties in cases often recuse themselves from further proceedings in a case to avoid the appearance of impropriety.

10.     The Defendants propose that in order to efficiently decide this matter, and perhaps alleviate the burden of additional time and expense for all parties, that a special summary judgment briefing and hearing schedule be set to decide the specific matter of amount in controversy, just after the conclusion of factual discovery in this case.

11. The Defendants further propose that the judge assigned to this case should assign this specific argument to another judge or magistrate judge of this Court, in order to avoid extensive knowledge of the settlement negotiations between the parties and to avoid the appearance of impropriety.

12. The Defendants further propose that this Court order that any settlement negotiations that might be introduced by PETA in opposition to the Zoo's motion, or by the Zoo in reply to any opposition to summary judgment, should be filed under seal, as those negotiations were never intended for public perusal.

13. The Defendants further state that once apprised of a reasonable possibility that the Court does not have subject matter jurisdiction, the Court has an obligation to undertake an assessment of subject matter jurisdiction without undue delay.

WHEREFORE, the Defendants pray:

A. That this Court set a schedule for the briefing and argument of a summary judgment motion directed only toward the "amount in controversy" component of diversity jurisdiction, at some time shortly after the close of fact discovery; and,

B. That this Court order that any settlement communications that might be tendered as part of any summary judgment argument be filed under seal; and,

C. That this Court consider refusing to review any settlement communications submitted by the parties as part of such motion, and assign another judge or magistrate judge to rule upon such motion, or, if this Court does review the settlement communications of the parties as part of any such summary judgment proceeding, that

this Court consider recusal from further proceedings to avoid any appearance of impropriety.

                                    Respectfully Submitted,

                                    ____s/Nevin L. Young_____
                                    Nevin L. Young
                                    Fed Bar. ID No. 28604
                                    170 West Street
                                    Annapolis Maryland 21401
                                    410-353-9210
                                    nevinyounglaw@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2021, I served the foregoing upon the counsel and/or parties set forth below via the ECF filing system:

Adam Abelson, Esquire
Zuckerman Spaeder, LLP
100 East Pratt Street, 24th Floor
Baltimore MD 21202

Marcos Hasbun, Esquire
101 East Kennedy Blvd.
Tampa Florida 33602

James Ersellius, Esquire
Zeynep Graves, Esquire
Caitlin Hawks, Esquire
PETA Legal Foundation
2154 West Sunset Blvd.
Los Angeles, California 90026

                                    ____s/Nevin L. Young_____
                                    Nevin L. Young