IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
–Northern Division–

CONSTANCE COLLINS, *et al.*,

*Plaintiff*

–v–

TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al.*,

*Defendants.*

Case No. 8:20-cv-01225

### SUR-REPLY TO REPLY TO OPPOSITION TO MOTION FOR SANCTIONS (ECF 59)

Now Come the Defendants and file this Sur-Reply related to the Plaintiffs' Motion for Sanctions and state:

**I. PETA continues to decline to explain its non-disclosure of material facts as part of its initial motion for sanctions. Those facts are not only vital for the Court to know, but jurisdictional in nature as to the relief requested**

Other than to say that its blatant failure to obey Rule 37 was an "oversight" and to generally deny wrongdoing, PETA seems to embrace the "John Wayne" theory whenever in error: "Never apologize, never explain." PETA admits in its Reply that it knew full well that there were several other persons claiming ownership of the animals in question but declines to explain to this Court why it concealed that very relevant and important information. Prior to filing its Motion for Sanctions, PETA undertook its own investigation of the Zoo's claims that other persons owned certain animals, apparently hoping to find out

— 1 —

that Mr. Candy was lying to them. When that strategy did not pan out and it became apparent that Mr. Candy was telling the truth, rather than simply accept that others own the animals, PETA attempted a back door disenfranchisement of the actual owners of the animals as a "sanction" for alleged discovery violations that have little or nothing to do with who actually owns the animals.

In this diversity action, this Court must follow the substantive law of the State of Maryland. Even when a motion is dressed up in a disguise as a procedural remedy, if that motion effects substantive rights of other persons, this Court must observe the substantive law. At its essence, what PETA seeks is a declaratory judgment depriving the owners of the animals of their ownership claims, without those owners having been made parties to the case.

The law of Maryland strictly forbids any such action without all parties whose property rights may be affected having been made parties to the action. See, e.g., *Hillsmere Shores Improvement Ass'n, Inc. v. Singleton*, 166 Md.App. 756 (2004), and also *Rounds v. Maryland National Capital Park*, 441 Md. 621 (2015), which both hold that the failure to join necessary parties is fatal to any action, and that there can be no adjudication that affects the property rights of another without joining those persons as parties. PETA either is or should be aware of this but insists yet again that this Court overstep its jurisdiction to provide PETA with what it wants.

PETA owes this Court an explanation as to why it intentionally and deceptively failed to disclose the various claims of ownership in its original motion, and why it continues to insist upon the Court declaring the ownership of the animals despite a lack of jurisdiction.

Barring a satisfactory explanation, PETA should be sanctioned for having brought a motion omitting material facts, as a way of seeking such relief.

> **II. Discovery in this case should be limited to the purpose originally delineated by the Court in its order denying the Motion to Dismiss, and should not be an unlimited "free for all."**

PETA insists that it has a right to know every detail of the Defendants' zookeeping operation, including poking through records of the animals that are never available to the general public, gathering animal histories that are never available to the general public, and taking depositions from witnesses about things that have nothing to do with the claims raised in PETA's complaint.

However, PETA's complaint states only one claim, that of public nuisance. Public nuisance, as described in the Defendants' earlier Opposition Memorandum, depends upon those things that are within the sight, sound, smell, etc., of the public. It must be an offense to the community and does not depend upon the things that are ordinarily not within public view.

It should be borne in mind that in this case, the two Plaintiffs are an organization headquartered in Norfolk, Virginia, and an individual in New Jersey who claims to have visited the Zoo on one occasion and been offended by what she saw. Neither Plaintiff has alleged any ties to the local community in Cumberland, Maryland, where the Zoo is located.

PETA wants this Court to declare ownership of the animals because PETA believes that at the end of this case, if it prevails, the Court will seize those animals from the Zoo, and that contemplated seizure cannot be accomplished if the Zoo does not own the animals. But that contemplated relief is not even a form of relief available in the State of Maryland as

— 3 —

injunctive relief for a public nuisance. In *Becker v. State*, 363 Md. 77 (2001), the Court of Appeals made clear that the Circuit Court had no authority to order the destruction or other taking of property without compensation as part of the abatement of a nuisance. "One general limiting principle is that an injunction abating a nuisance 'should go no further than is absolutely necessary to protect the rights of the parties seeking such injunction.' *Singer v. James*, 130 Md. 382, 387, 100 A. 642, 643 (1917), and cases there cited. Or, as the Supreme Court of Michigan stated the principle in *Commissioner v. Anderson*, 344 Mich. 90, 95, 73 N.W.2d 280, 282 (1955), "the remedy prescribed should be no greater than is necessary to achieve the desired result." *Becker, supra*, at 88.

It is clear from *Becker, supra*, that the seizure of the animals themselves from the Zoo, regardless of ownership, would be beyond the powers of the Court. The most this Court can provide for relief under the laws of Maryland, even if PETA prevails upon all of its claims, is to order the closure of the Zoo so that it will no longer disturb the "public" that PETA claims the Zoo disturbs.[1] Therefore the relief the Plaintiffs seek, a declaration as to ownership of the animals, is irrelevant to the ultimate relief that the Court is capable of granting in this case. Defendants submit that PETA asks for this relief only in anticipation that the Court will abuse its powers at the end of the case by seizing the animals and awarding the animals to PETA, and that by the time an appeal is decided, PETA will have irrevocably disposed of the

---

[1] It should also be noted that the only "public" bringing this case is located 200 miles and 300 miles away from the Zoo, and that none of them have ever been exposed to any alleged nuisance from the Zoo other than by voluntarily entering onto the premises. There is no allegation that any of the Zoo's activities overflow onto the surrounding community other than by affecting those who willingly enter onto the premises. The entire claim is absurd as a matter of law, but the Defendants are for the present forced to defend the matter.

— 4 —

animals in one way or another.

### III. Conclusion

PETA concealed vital information from this Court, and also asks the Court to overstep its jurisdiction in declaring the ownership of certain animals, in anticipation of the Court once again eventually overstepping its jurisdiction and seizing the animals at the end of this case. PETA has no doubt been emboldened in its requests by the fact that the trial judge in this case has been so incredibly favorable to PETA in the past, especially the denial of the motion to dismiss in this case, which was clearly in error as a matter of law. Although the Defendants accept that the denial of that motion is presently the law of the case, the Defendants still maintain that this litigation is totally without legal basis *ab initio*. The Defendants have been subjected to exhaustive discovery not remotely relevant to the relief requested in the Plaintiffs' Complaint, and the present Motion for Sanctions seeks relief not remotely relevant to the matters at issue in the Plaintiffs' Complaint.

### IV. Request for Hearing

Because PETA's Motion and Reply are rife with misleading statements that may require context to understand, the Defendants again request a hearing upon the motion for oral argument.

Respectfully Submitted,

\_\_\_\_s/Nevin L. Young_____
Nevin L. Young
Fed Bar. ID No. 28604
170 West Street
Annapolis Maryland 21401
410-353-9210
nevinyounglaw@gmail.com

— 5 —

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of November, 2021, I served the foregoing upon the counsel and/or parties set forth below via the ECF filing system:

Adam Abelson, Esquire
Zuckerman Spaeder, LLP
100 East Pratt Street, 24th Floor
Baltimore MD 21202

Marcos Hasbun, Esquire
101 East Kennedy Blvd.
Tampa Florida 33602

James Ersellius, Esquire
Zeynep Graves, Esquire
Caitlin Hawks, Esquire
PETA Legal Foundation
2154 West Sunset Blvd.
Los Angeles, California 90026

             ____s/Nevin L. Young_____
             Nevin L. Young