IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CONSTANCE COLLINS, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. 1:20-cv-01225-PX |
| TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al.*, | * | |
| | * | |
| Defendants. | | |
| | *** | |

# ORDER

1. On December 2, 2021, Counsel for Defendants, Nevin L. Young, moved for the pro hac vice admission of John M. Pierce. ECF No. 69. The Clerk of Court granted the motion on the same day. ECF No. 70.

2. Since that time, information has come to light which casts doubt on the veracity and reliability of the pro hac vice motion. First, Young and Pierce *certified* in the motion that Pierce was a member in good standing of only two bars—the State of California and the United States District Court for the Central District of California. ECF No. 69 at 1. But Pierce has previously certified before other federal courts that he is authorized to practice in many other courts throughout the United States. *See, e.g.*, Declaration of John M. Pierce in Support of Motion to Admit Pro Hac Vice, *Page v. Comey*, No. 20-3460-DLF (D.D.C. Nov. 27, 2020), ECF No. 7-1 (listing additional admissions in the Supreme Court of the United States, Northern District of California, Eastern District of California, Western District of Pennsylvania, and the Eastern District of Texas); Motion for Leave to Appear Pro Hac Vice, *Finicum v. United States*, No. 18-160-MO (D. Or. Nov. 22, 2021), ECF No. 203 (listing additional admissions in the Northern District of California, Eastern

District of California, Western District of Pennsylvania, and Eastern District of Texas). Failure to include a complete list of such memberships raises concern about counsels' care and attention paid to court filings. It also impedes this Court's ability to conduct its own due diligence, which is central to the pro hac vice admissions process.

3. Second, Pierce and Young submitted an identical pro hac vice application in *Love v. Hogan*, which was denied yesterday by the Clerk of Court. *See* Motion to Appear Pro Hac Vice, *Love v. Hogan*, No. 21-2029-RDB (D. Md. Dec. 30, 2021), ECF No. 10; Paperless Order Denying Admission Pro Hac Vice, *Love v. Hogan*, No. 21-2029-RDB (D. Md. Feb. 15, 2022), ECF No. 17. This denial warrants reconsideration of the earlier grant of pro hac vice admission.

4. Last, the Court is concerned about Pierce's apparent heavy reliance on an "associate" at his law firm, Ryan Marshall, who participated actively in *Love v. Hogan* while not yet authorized to practice law. *Compare* Motion to Withdraw as Attorney, *Love v. Hogan*, No. 21-2029-RDB (D. Md. Dec. 30, 2021), ECF No. 3 (local counsel chronicling extensive communications with Marshall in August 2021), *with* Provisionally Licensed Lawyer Search, https://apps.calbar.ca.gov/provisional/lookup (confirming Marshall obtained *provisional* license to practice law under the supervision of Pierce as of November 2, 2021). Beyond his involvement in *Love*, court records also show that Marshall appeared as an associate of Pierce's firm in multiple federal criminal matters pending before the United States District Court for the District of Columbia. As in *Love*, Marshall had not yet obtained his California state provisional law license,[1] nor was he

---

[1] In California, an attorney may be granted a "provisional license" to practice under the close supervision of licensed attorney—for Marshall this is Pierce. A provisional license may be granted without the applicant having taken or passed the California Bar examination, obtained a positive moral character determination, or sat for the Multistate Professional Responsibility Examination. *See* Order re Request for Approval of Proposed Amendments

admitted to practice law in any other jurisdiction. Although Marshall disclosed that he had yet to obtain his law license, he nonetheless filled in for Pierce in status conferences and counsel meetings, wherein he gave several seemingly inconsistent grounds for Pierce's sudden inability to participate as counsel of record. *See* Notice Regarding Defense Counsel John Pierce, *United States v. Lee*, 21-0303-ABJ-ZMF-2 (D.D.C. Aug. 30, 2021), ECF No. 11 (recounting, among other things, contradictory explanations for Pierce's absence).[2]

5. Based on the foregoing, this Court is concerned about the veracity and reliability of the application at ECF No. 69, and about counsel's fitness for pro hac vice admission. Accordingly, the Court hereby ORDERS that within seven days from today, Pierce and Young SHOW CAUSE as to why the pro hac admission of John M. Pierce should not be STRICKEN.

2/16/2022  
Date

/s/  
Paula Xinis  
United States District Judge

---

to the California Rules of Court, https://newsroom.courts.ca.gov/sites/default/files/newsroom/2021-01/20210128062716391.pdf. Clearly, a provisional licensee does not stand on the same footing as an active member of the California Bar. Yet just six days after Marshall obtained his provisional license, he applied for pro hac vice admission in the United States District Court for the District of Oregon, certifying that he is "*an active member in good standing* with the California State Bar." *See* Motion for Leave to Appear Pro Hac Vice, *Finicum v. United States*, No. 18-160-MO (D. Or. Nov. 8, 2021), ECF No. 195 (emphasis added).

[2] The filing also refers to Marshall facing felony criminal charges in two separate actions filed in the Court of Common Pleas of Fayette County, Pennsylvania, to include charges of conspiracy to commit fraud while clerking for a judge on the Pennsylvania Court of Common Pleas. *See* Notice Regarding Defense Counsel John Pierce, *United States v. Lee*, 21-0303-ABJ-ZMF-2 (D.D.C. Aug. 30, 2021), ECF No. 11 at 1 n.2.