

# UNITED STATES DISTRICT COURT

# DISTRICT OF MARYLAND

| | |
|---|---|
| CHAMBERS OF<br>Paula Xinis<br>UNITED STATES DISTRICT JUDGE | 6500 Cherrywood Lane<br>Greenbelt, MD 20770<br>(301) 344-0653 |

February 25, 2022

Re:   20-1225, *Collins v. Tri-State Zoological Park of Western Maryland, Inc.*

### LETTER ORDER

Counsel,

On May 14, 2020, Constance Collins and People for the Ethical Treatment of Animals, Inc. (collectively, "Plaintiffs") brought this action against Tri-State Zoological Park of Western Maryland, Inc. ("Tri-State"), Animal Park, Care & Rescue, Inc. ("Animal Park"), and Robert L. Candy (collectively, "Defendants").

Last week, attorney Nevin L. Young moved to withdraw as counsel for all Defendants. *See* ECF No. 78.  Whether to grant a motion to withdraw is committed to the discretion of the Court.  *Abbott v. Gordon*, No. DKC-09-0372, 2010 WL 4183334, at *1 (D. Md. Oct. 25, 2010). The Court must consider the potential prejudice to the parties and the potential disruption to the administration of justice.  *Al-Sabah v. Agbodjogbe*, No. ELH-17-730, 2019 WL 1472585, at *3 (D. Md. Apr. 3, 2019).  Because Mr. Young has apprised Defendants in advance "of the reason for the filing of [his] motion for withdrawal, the meaning of it, and also the risk of default of corporate defendants if new counsel is not obtained," the Court shall GRANT the pending motion.  *See* ECF No. 78.

Mr. Young's departure from this litigation also requires the Court to STRIKE the *pro hac vice* admission (ECF No. 70) of John M. Pierce, who is also representing Defendants.  Under this Court's Local Rules, an attorney may only practice *pro hac vice* alongside an attorney who is an active member in good standing of this bar and who remains as counsel in the case.  *See* D. Md. Loc. R. 101.1(b).  Because the Court permits Mr. Young to withdraw, it likewise must strike Mr. Pierce's admission.  *See id.*

Last, this Court places the corporate Defendants on notice that because corporations "must be represented by counsel," they may not proceed in this matter unrepresented.  *See* D. Md. Loc. R. 101.1(a).  Accordingly, corporate Defendants shall have thirty days from the date of

this Order to obtain replacement counsel or risk entry of default judgment against them.  *See Allied Colloids, Inc. v. Jadair, Inc.*, No. 96-2078, 139 F.3d 887 (Table), 1998 WL 112719, at *1 (4th Cir. Mar. 16, 1998).  As for Defendant Candy, he may proceed pro se or secure counsel.

      Accordingly, pursuant to Local Rule 101.2(b), the Court GRANTS the motion to withdraw at ECF No. 78 and STRIKES the *pro hac vice* admission of John M. Pierce.  Although informal, this correspondence constitutes an Order of the Court and shall be docketed as such.

      Sincerely,

      _____/s/_____
      PAULA XINIS
      United States District Judge