IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
–Southern Division–

| | |
|---|---|
| CONSTANCE COLLINS, *et al.*,<br><br>Plaintiffs,<br><br>–v–<br><br>TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al.*,<br><br>Defendants. | Case No. 1:20-cv-01225 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO STRIKE INADMISSIBLE DOCMENTARY EVIDENCE AND IMPROPER TESTIMONY OF DEFENDANT ROBERT CANDY**

In an attempt to avert summary judgment, Defendants Tri-State Zoological Park of Western Maryland, Inc., Animal Park, Care & Rescue, Inc. and Robert Candy (collectively, "Defendants") proffer written correspondence that was never disclosed to Plaintiffs Constance Collins and People for the Ethical Treatment of Animals, Inc. ("PETA") (together, "Plaintiffs"), inadmissible hearsay, and a self-serving affidavit by Defendant Candy.

Pursuant to Federal Rule of Civil Procedure 37(c), this Court should strike and disregard for summary judgment purposes the February 4, 2020 email from the U.S. Department of Agriculture (the "USDA Email"), ECF No. 75-4, because, despite its responsiveness to Plaintiff PETA's discovery requests and Defendants' reliance on the materials to support their defense, the correspondence was never disclosed to Plaintiffs. The never-disclosed May 4, 2018 letter from former Allegany County Animal Control Officer, John Carden (the "Carden Letter"), ECF No. 75-10, should also be stricken under Rule 37(c) and for the additional reason that it is inadmissible hearsay. Portions of Defendant Robert Candy's Affidavit, ECF No. 75-3, should be stricken as

1

well because several averments exceed his personal knowledge, include improper lay witness opinion testimony, or are otherwise improper.

**I.     Defendants should be precluded from relying on never-disclosed written correspondence.**

Despite their responsiveness to Plaintiff PETA's discovery requests, the scope of which was never objected to, Defendants attempt to use the never-disclosed USDA Email (which is missing its attachment), ECF No. 75-4, and Carden Letter, ECF No. 75-10, to support their defense and create disputes of material fact.

As an initial matter, both documents at issue are responsive to one or more of PETA's document requests, which requested, in relevant part, all documents: "related to whether the conditions in which [Defendants] keep animals are consistent with local, state, or federal law, and generally accepted animal husbandry standards"; "related to or constituting any communications, including documents related to litigation, with federal, state, or local agencies, including but not limited to the U.S. Department of Agriculture, U.S. Fish and Wildlife Service, Maryland Department of the Environment, Maryland Department of Natural Resources, Allegany County Sheriff's Office, and Allegany County Animal Control"; and "related to or constituting any complaints, reviews, or comments received from anyone by any means regarding the animals at, or the operation of, Tri-State or Animal Park, Care & Rescue." Defs.' First Response to PETA's First Set of Document Requests, ECF No. 38-6, at 5, 7–8.

Yet Defendants never produced them in discovery. The first time Plaintiffs became aware of these communications was when Defendants filed them with their Motion—after the close of discovery and after Plaintiffs filed their Motion for Summary Judgment. Such gamesmanship is impermissible.

Under Federal Rule 37(c), "[i]f a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). In determining whether a nondisclosure is substantially justified or harmless, "a district court *should be guided by*," but is "not *required* to tick through[,] each of" the following factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence."

*Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596-97 (4th Cir. 2003)).

Here, Defendants' failure to disclose is neither substantially justified nor harmless. First, Plaintiffs were surprised by the written correspondence—which both predate the filing in this case and yet which Defendants submitted with their summary judgment opposition. *Compare* Compl., ECF No. 1 (filed on May 14, 2020), *with* ECF Nos. 75-4 (USDA Email dated February 4, 2020) and 75-10 (Carden Letter dated May 4, 2018).

Second, with fact and expert discovery having closed on August 20, 2021 and December 3, 2021, respectively, Am. Sched. Order, ECF No. 58, Plaintiffs were given no opportunity to cure this surprise by, for example, deposing the authors of the correspondence or attempting to obtain the attachment to the USDA Email (which has yet to be disclosed). *See* ECF No. 75-4 (attaching a document titled "Memo TriState Zoo and VMO Mcfadden.docx").[1]

---

[1] Additionally, although Defendants identified John Carden as an individual likely to have discoverable information and as a potential expert, Defendants did not provide Plaintiffs with valid contact information for the witness. Declaration of Zeynep Graves ¶¶ 2, 3 & Exs. A, B (Defendants' Rule 26(a)(1) and 26(a)(2) disclosures); *id.* ¶¶ 4, 5 & Exs. C, D (email correspondence from N. Young); Declaration of Tina Rosa (June 29, 2021) ¶ 5 (declaring that Mr. Carden "resigned in October of 2017"). This is particularly outrageous in light of the fact that the Carden Letter, which has apparently been in Defendants' possession since 2018, includes the witness's phone number. *See* ECF No. 75-10.

Third, pending before this Court are the Parties' cross-motions for summary judgment, and "although there is no trial date set," reopening discovery to "cure the surprise" would "disrupt [the] schedule in this case." *Cincinnati Ins. Co. v. Fish*, No. RDB-19-3355, 2022 WL 562644, at *10 (D. Md. Feb. 24, 2022).

Fourth, the Carden Letter and the USDA Email are not "important" evidence. As the Fourth Circuit explained, the importance of the undisclosed evidence "must be viewed from the perspective of both parties." *S. States Rack And Fixture, Inc.*, 318 F.3d at 598. Here, Defendants have made no showing that the Carden Letter or USDA Email, which were proffered for the sole purpose of creating disputes of fact, neutralize the record evidence that is properly before this Court. *See* Corrected Mem. of Law in Supp. of Defs.' Cross Mot. for Summ. J. & in Opp'n to Pls.' Mot for Summ. J. ("Defs.' Mem."), ECF No. 76-1, at 11–12; *see also* Pls.' Opp'n to Defs.' Mot. for Summ. J. & Reply in Supp. of Pls.' Mot. for Summ. J., ECF No. 71-1, at § II.A.

Finally, Defendants offer *no* explanation for their failure to disclose.[2]

Because Rule 37(c) "generally requires exclusion of evidence that a party seeks to offer but has failed to disclose," and because Defendants' failure to disclose was neither substantially justified or harmless, this Court should refuse to consider the USDA Email and the Carden Letter. *See S. States Rack And Fixture, Inc.*, 318 F.3d at 597.

---

[2] This is not the first time Defendants have failed to comply with their discovery obligations in this case. Because Defendants were found to have "failed to take such reasonable steps" "and were grossly negligent in their preservation efforts," Judge Coulson recommended that this Court prohibit "Defendants [from] offer[ing] evidence or testimony regarding electronic communications with third parties about the health or living conditions of the animals at Tri-State that took place during the pendency of this litigation beyond what has been produced (including by third parties), including any photographs taken during this time that have not otherwise been produced." Mem. & Order, ECF No. 66, at 5–6.

**II.      Defendants should be precluded from relying on the unsworn out-of-court statement of Mr. Carden.**

In addition to the reasons set forth above, this Court should strike the Carden Letter because it is inadmissible hearsay. It is well settled that "hearsay evidence, which is inadmissible at trial, cannot be considered on a motion for summary judgment." *Md. Highways Contractors Ass'n, Inc. v. State of Md.*, 933 F.2d 1246, 1251 (4th Cir. 1991). Despite this, Defendants proffer an unsworn letter from Mr. Carden to support the proposition that the "evidence shows no pattern of denying animals treatment by licensed veterinarians or the inability of the staff to monitor animals and recognize signs of disease, not any neglect and abuse in relation thereto." Defs.' Mem., ECF No. 76-1, 11. Defendants offer Mr. Carden's unsworn letter for the truth of the following assertion: Mr. Carden and Allegany County Animal Control "[n]ever found any evidence of [n]eglect or [a]buse to any [a]nimal." *Compare id. with* Carden Letter, ECF No. 74-10. Yet Defendants provide no argument why such a statement should be admissible. *Id.* Because the Carden Letter does not fall within any of the exceptions to the rule against hearsay, it is not admissible and should not be considered for the purposes of summary judgment. *See* Fed. R. Evid. 802–804, 807.

**III.     Defendant Candy's affidavit exceeds his personal knowledge, proffers improper opinion testimony, and contains improper, conclusory allegations.**

Portions of Defendant Candy's Affidavit, ECF No. 75-3, should be stricken and disregarded for summary judgment purposes because (1) certain portions are completely divorced from his personal knowledge, *see, e.g.*, Candy Aff. ¶ 15 (Dr. Adams "felt that Snork[le] was in no pain."); (2) some portions are impermissibly "conclusory" within the meaning of cases such as *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996); and (3) other portions are impermissible lay witness opinion testimony.

"[A]n affidavit filed in opposition to a motion for summary judgment must present evidence in substantially the same form as if the affiant were testifying in court." *Evans*, 80 F.3d

at 962. Thus, "affidavits submitted in support of summary judgment motions [must] be based on personal knowledge and 'show that the affiant or declarant is competent to testify on the matters stated.'" *Sanchez Carrera v. EMD Sales, Inc.,* 402 F. Supp. 3d 128, 141 (D. Md. 2019) (quoting Fed. R. Civ. P. 56(c)(4)). Similarly, such an affidavit must not be "based upon hearsay." *Evans*, 80 F.3d at 962.

Conclusory allegations and general denials unsupported by any evidence also cannot support or oppose summary judgment. *Leskinen v. Utz Quality Foods, Inc.*, 30 F. Supp. 2d 530, 533 (D. Md.), *aff'd*, 165 F.3d 911 (4th Cir. 1998) ("[C]onclusory allegations in an affidavit do not create a genuine issue of material fact"); *United States v. $95,945.18, U.S. Currency*, 913 F.2d 1106, 1111 (4th Cir. 1990) (at summary judgment, a claimant must not rest on mere denials of the adverse party's pleadings, but must "come forward with specific facts showing that there is a genuine issue for trial") (citation and internal quotation marks omitted)); *Evans*, 80 F.3d at 962 (upholding district court's decision to strike and disregard portions of the plaintiff's affidavit, in part because courts will "generally consider self-serving opinions without objective corroboration [to be] not significantly probative").

Additionally, lay witnesses, like Defendant Candy here, may only provide opinion testimony so long as it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Unlike testifying experts, "[l]ay witnesses are not entitled to opine broadly or generally; rather, 'lay opinion testimony *must* be based on personal knowledge.'" *United States v. Hassan*, 742 F.3d 104, 135 (4th Cir. 2014) (quoting *United States v. Johnson,* 617 F.3d 286, 292 (4th Cir. 2010)).

Under the above-referenced standards, the following portions of the Candy Affidavit cannot create a material fact for summary judgment purposes and should be stricken:

| ¶ | Testimony | Grounds for Striking |
|---|---|---|
| 5 | USDA "[i]nspections are used to identify possible concerns, to be corrected, not always as citations." | Lack of personal knowledge. |
| 8 | "[USDA inspectors] have found [no] validity to PETA's claims." | Hearsay. |
| 9 | "AZA standards often do not apply and are usually only applicable to larger facilities." | Fed. R. Evid. 701; Lack of personal knowledge. |
| 11 | "All animals have been and/or have been treated by licensed vets when needed." | Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp. 2d at 533; Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701. |
| 11 | "The Zoo has always maintained a qualified attending veterinarian as required by the USDA and AWA." | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701. |
| 11 | "Although PETA has tried to say otherwise, including in ongoing complaints to the USDA, the USDA has verified that there has been no violation in this regard." | Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp. 2d at 533; Hearsay. |
| 11 | "Although each attending vet may have his/her own standards, we follow the care provided by our vet during his/her tenure." | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963. |
| 12 | "Dr. Haddad, in her report, falsely states that [captive bears] live into their 40s, I believe in order to misrepresent their care provided, as well as to give a false impression on any possible movement." | Fed. R. Evid. 701; Lack of personal knowledge. |
| 12 | "Simply put, these are elderly bears, past or in the final years of their lifespan." | Fed. R. Evid. 701. |
| 12 | The bears "are provided proper nutrition, housing, and enrichment." | Fed. R. Evid. 701; Self-serving allegation without objective |

7

| ¶ | Testimony | Grounds for Striking |
|---|---|---|
|  |  | corroboration. *Evans*, 80 F. 3d at 963. |
| 12 | The bears' proper nutrition, housing, and enrichment "has been verified by USDA, Attending Vets, and Karl & Deb Mogenson (Natural Bridge Zoo/owners)." | Lack of personal knowledge; Hearsay. |
| 12 | "The bears exhibited no signs of pain (verified by USDA), ate well . . ." | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701; Lack of personal knowledge; Hearsay. |
| 12 | "Given their age, there was an ongoing concern as to their welfare if put under for any veterinary procedure, as that could be more hazardous to their health." | Fed. R. Evid. 701. |
| 12 | "All reports were positive to their health and care, especially at their advanced age." | Fed. R. Evid. 701; Lack of personal knowledge; Hearsay. |
| 12 | "USDA has found no violations with the[ bears'] care in 13 years." | Lack of personal knowledge; Hearsay. |
| 13 | "As well, if a possible concern arose [with the cougar], big cat vets were consulted." | Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp. 2d at 533. |
| 13 | "No [n]ecropsy was . . . required as [the cougar] lived alone, had no contact with other animals, and his passing was deemed to be due to complications of advanced age." | Fed. R. Evid. 701; Lack of personal knowledge. |
| 13 | "USDA also reviewed the records and found no concerns nor violations." | Lack of personal knowledge; Hearsay. |
| 13 | "Charlie was not left to needlessly suffer." | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701; Lack of personal knowledge. |
| 13 | "As Dr. Duncan was not available, euthanizing was not the best course of treatment without a final diagnosis." | Fed. R. Evid. 701; Lack of personal knowledge. |
| 14 | "During [Diablo's] final years, he . . . continued to thrive in his environment." "He continued to thrive until he finally went to sleep and passed peacefully in 2021." | Fed. R. Evid. 701; Lack of personal knowledge. |
| 14 | "Dr. McFadden from USDA had also observed Diablo over his lifespan at the zoo with no concerns." | Self-serving allegation without objective corroboration. *Evans*, |

| ¶ | Testimony | Grounds for Striking |
|---|---|---|
| | | 80 F. 3d at 963; Hearsay. |
| 15 | Dr. Adams "felt that Snork[le] was in no pain." Dr. Adams "did not find [Snorkle] to be in any pain." | Lack of personal knowledge; Hearsay. |
| 16 | "Contrary to the plaintiff's claims, the iguanas were not included in Dr. Duncan's PVC because they were likely not at the zoo during her tenure, not because she refused to treat them." | Lack of personal knowledge. |
| 17 | Dream "was considered to be in good condition." | Lack of personal knowledge; Hearsay. |
| 17 | "Dr. Vest "made a[] diagnosis using a picture supplied by PETA from March 2018. Even though PETA has been to the zoo on 2 more occasions, most recently July 19, 2021, they did not supply Dr. Vest with any updated information or pictures." | Lack of personal knowledge. |
| 17 | "There are no concerns from any regulatory agencies regarding the care of the horses. . . ." | Lack of personal knowledge; Hearsay. |
| 17 | "Dream and Capuchino (*sic*), as well as Demo the donkey are considered to be in good shape and up to date on their vaccines. (As per Dr. Adams 9/24/21)." | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701; Hearsay. |
| 18 | "In fact, Basset[s] are listed at number 10 as a breed of dog that may be most expensive due to vet care." | Fed. R. Evid. 701. |
| 18 | Bridget the Basset Hound's condition "was not considered life threatening." | Lack of personal knowledge; Fed. R. Evid. 701. |
| 18 | Bridget the Basset Hound's "nail trims were done at the vet, but no evidence of any removal from her foot pad." | Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp. 2d at 533. |
| 19 | "Moving [Dodger] would be detrimental to his physical and mental health. This has been stated by numerous vets and the USDA." | Fed. R. Evid. 701; Hearsay. |
| 19 | "Although not verified, [Dodger's] surgery was treated as frostbite." | Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp. 2d at 533. |
| 20 | Dodger "has never had an issue of staying inside when cold . . ." | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; |

| ¶ | Testimony | Grounds for Striking |
|---|---|---|
| | | Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp. 2d at 533. |
| 20 | "Dodger's enclosure, diet, and enrichment plans have all been reviewed / inspected by the USDA every year, with no violations. USDA also investigated Dodger's injuries in response to one of PETA's complaints. They found no neglect, abuse, nor any violations." | Conclusory and unsupported allegations. *See Leskinen*, 30 F. Supp. 2d at 533; Lack of personal knowledge; Hearsay. |
| 20 | "Dodger and his area have been viewed and inspected by USDA for approximately 10 years with no concerns." | Lack of personal knowledge; Hearsay. |
| 22 | "[Diva] has learned to trust again, gained weight, and is thriving." | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701; Lack of personal knowledge. |
| 22 | "USDA has inspected [Diva's] areas and condition and found no concerns." | Lack of personal knowledge; Hearsay. |
| 22 | "At age 12, [Diva's] condition has been found to be good!" | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Hearsay. |
| 23 | "[S]cratching, pulling, and picking may be normal grooming for primates." | Fed. R. Evid. 701. |
| 25 | "Our local farm vet, Dr. Fred Adams has visually examined our 2 mini horses and mini donkey, and found them to be in good condition, as well as giving them their recommended vaccines (9/24/21)." | Lack of personal knowledge; Hearsay. |

For these reasons, this Court should strike each of the allegations above.

## IV. CONCLUSION

For the reasons set forth above, this Court should:

1. Exclude the USDA Email under Federal Rule of Civil Procedure 37(c);

2.  Exclude the Carden Letter under Federal Rule of Civil Procedure 37(c) and Federal Rule of Evidence 802; and

3.  Strike the cited allegations in paragraphs 5, 8, 9, 11–20, 22, 23, 25 from the Candy Affidavit.

| | |
|---|---|
| Date  March 14, 2022<br>Baltimore, Maryland | Respectfully submitted,<br><br>/s/ Adam B. Abelson<br>Adam B. Abelson (#29532)<br>Zuckerman Spaeder LLP<br>100 East Pratt Street, Suite 2440<br>Baltimore, Maryland 21202<br>(410) 332–0444; (410) 659–0436 (fax)<br>aabelson@zuckerman.com<br><br>Marcos E. Hasbun (Pro Hac Vice)<br>Zuckerman Spaeder LLP<br>101 East Kennedy Boulevard, Suite 1200<br>Tampa, Florida 33602–5838<br>(813) 221–1010; (813) 223–7961 (fax)<br>mhasbun@zuckerman.com<br><br>Caitlin Hawks (Pro Hac Vice)<br>Zeynep Graves (Pro Hac Vice)<br>PETA Foundation<br>2154 West Sunset Boulevard<br>Los Angeles, CA 90026<br>(323) 210-2263; (213) 484-1648 (fax)<br>caitlinh@petaf.org<br>zeynepg@petaf.org<br><br>Counsel for Plaintiffs. |