IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| CONSTANCE COLLINS, ET AL.,<br><br>Plaintiff<br><br>—v—<br><br>TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., et al.,<br><br>Defendants. | Case No. 1:20-CV-01225-PX |

**Expert Witness Disclosure Pursuant to Federal Rule of Civil Procedure 26(a)(2)**

Preliminary Statement: There are no retained experts in this case and Defendants' summary is a good faith summary of anticipated testimony based upon what is presently known. All experts designated are hybrid experts whose knowledge derives from their direct experience of the Zoo, not in anticipation of litigation. As such, reports by these hybrid experts are not required. However, a summary of the anticipated testimony of each person is provided below:

**1. Dr. Keith Gold, Chadwell Animal Hospital, 3004 Emmorton Road, Abingdon, Maryland 21009.** Dr. Gold is a Maryland licensed veterinarian who has treated a wide variety of exotic animals for more than two decades. He has visited the Zoo for an initial visit, on a separate occasion to treat dental issues in the Himalayan bears, and then visited the Zoo again in October of 2021. He has also treated several of the animals from the Zoo at his clinical office.

Dr. Gold is not a retained expert but is the regular veterinarian for the Zoo. He is expected to testify that the animals at the Zoo are receiving appropriate husbandry care and veterinary care, that they are receiving appropriate hydration, nutrition, and sanitation, and that the enclosures for the animals are appropriate shelters given the climate and conditions in Cumberland, Maryland. Dr. Gold is familiar with the local standards of care for Maryland veterinarians and has visited many Maryland animal care facilities and treated the animals at those facilities, and is familiar with the local standards applicable to this case. He is expected to opine that the Zoo does not constitute any sort of offense to public morals as understood by the local communities in which he works, and therefore does not constitute a nuisance.

2. **Mr. John Carden**, present address unknown, is the former head of Animal Control for Allegany County. He is not a retained expert and has not agreed to testify in this case, but if called to testify, he would be expected to testify that he has several years of experience and training as an animal control officer, that he investigated numerous complaints against Tri State Zoo, almost all of them filed by PETA. He would be expected to opine that there is no animal abuse or neglect at Tri State Zoo, based upon his many investigations of the facility and his many leisure visits to the zoo with his family. He would further be expected to opine that Tri State Zoo was always found to be in compliance with animal welfare laws every time he investigated at Tri State. He is familiar with the local standards of public morals in the Cumberland, Maryland area and would also be expected to testify that the facility is not an offense to public morals and does not constitute a nuisance.

3. **Dr. Fred Adams, Route 6 Box 6830, Keyser, West Virginia,** is a veterinarian with decades of experience treating farm animals in the Western Maryland/West Virginia geographic area. He is not a retained expert and has not agreed to testify in this case, but if called as a witness, Dr. Adams would be expected to testify that the farm animals at the Zoo are receiving appropriate husbandry care and veterinary care, that they are receiving appropriate hydration, nutrition, and sanitation, and that the enclosures for the animals are appropriate shelters given the climate and conditions in Cumberland, Maryland. Dr. Adams is familiar with the local standards of care for Maryland veterinarians and has treated farm animals for many decades, and is familiar with the local standards applicable to the farm animals in this case. He would be expected to opine that the Zoo does not constitute any sort of offense to public morals as understood by the local communities in which he works, and therefore does not constitute a nuisance.

4. **Dr. Michael Cranfield, c/o the Maryland Zoo, 1 Safari Place, Baltimore, Maryland**, is a recently retired veterinarian who served the Maryland Zoo for many years. He is not a retained expert and has not agreed to testify in this case but if called to testify in this case, he would be expected to testify that he treated the two Himalayan black bears for dental issues on one occasion and that the dental issues were appropriately treated and resolved at that time.

5. **Dr. Gloria McFadden** is a veterinarian who is the USDA inspector for the Zoo and has been the regular inspector for the Zoo and many other Maryland animal care facilities for many years. Dr. McFadden is not a retained expert but is the regular veterinarian who inspects the Zoo. She is expected to testify that the animals at the Zoo are receiving appropriate husbandry care and veterinary care, that they are receiving appropriate hydration, nutrition, and sanitation, and that the enclosures for the animals are appropriate shelters given the climate and conditions in Cumberland, Maryland. Dr. McFadden is familiar with the local standards of care for Maryland veterinarians and has visited many Maryland animal care facilities and inspected the animals at those facilities, and is familiar with the local standards applicable to this case. She is expected to opine that the Zoo does not constitute any sort of offense to

public morals as understood by the local communities in which she works and inspects animals and animal care facilities, and therefore does not constitute a nuisance.

6. **Dr. Jeffrey Shepherd** is a USDA veterinary supervisor who has recently visited the facility with Dr. McFadden. Dr. Shepherd is not a retained expert but is the supervisor of the regular veterinarian who inspects the Zoo. He would be expected to testify that the animals at the Zoo are receiving appropriate husbandry care and veterinary care, that they are receiving appropriate hydration, nutrition, and sanitation, and that the enclosures for the animals are appropriate shelters given the climate and conditions in Cumberland, Maryland, given that there were no deficiencies noted during his visit to the Zoo with Dr. McFadden.

Respectfully Submitted,

\_\_\_s/Nevin L. Young_____
Nevin L. Young
Fed Bar. ID No. 28604
170 West Street
Annapolis Maryland 21401
410-353-9210
nyoung@burlingtonyounglaw.com

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of October, 2021, I served this 26(a)(2) statement upon the counsel and/or parties set forth below, with all counsel having agreed to service by electronic means, upon:

Adam Abelson, Esquire
Zuckerman Spaeder, LLP
100 East Pratt Street, 24th Floor
Baltimore MD 21202

Marcos Hasbun, Esquire
Justin Cochran, Esquire
101 East Kennedy Blvd.
Tampa Florida 33602

Zeynep Graves, Esquire
Caitlin Hawks, Esquire

James Ersellius, Esquire

PETA Legal Foundation
2154 West Sunset Blvd.
Los Angeles, California 90026

                                             s/Nevin L. Young
                                             Nevin L. Young