**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
–Southern Division–**

| | |
|---|---|
| CONSTANCE COLLINS, *et al.*, <br><br> Plaintiffs, <br><br> –v– <br><br> TRI-STATE ZOOLOGICAL PARK OF WESTERN MARYLAND, INC., *et al*., <br><br> Defendants. | Case No. 1:20-cv-01225 |

**MOTION TO SEAL**

As addressed in prior briefing, one of the various reasons this Court can be satisfied that the amount in controversy exceeds $75,000 is that Defendants themselves value the injunctive relief sought in this case well in excess of that threshold. *See* Defs.' Mot. to Set Limited Sum. J. Hearing as to Diversity Jurisdiction/Amount in Controversy, ECF No. 39 (May 28, 2021), at 2-4; Pls.' Opp to Defs.' Mot for Recusal and Bifurcated Summ. J. Briefing, ECF 45 (June 4, 2021), at 3-5; Paperless Order, ECF 52 (denying Defendants' motion). There is no applicable protective order, and Federal Rule of Evidence 408 does not apply either,[1] but out of an abundance of caution, Plaintiffs hereby request that the Court file under seal the portions of their Opposition To Defendants' Motion For Summary Judgment And Reply In Support Of Plaintiffs' Motion For

---

[1] *See, e.g.*, *Grinnell Mut. Reinsurance Co. v. Haight*, 697 F.3d 582, 585 (7th Cir. 2012) ("Although settlement negotiations are not admissible at trial pursuant to Federal Rule of Evidence 408 to prove liability for or invalidity of the claim or its amount, they can be considered 'to show the stakes' when determining whether the amount in controversy is met."); *Sykes v. CBS Radio, Inc. of Maryland*, 2011 WL 5455924, at *3 (D. Md. 2011) (citing *McPhail v. Deere & Co*., 529 F.3d 947, 956 (10th Cir. 2008)) ("[A] party may use a proposed settlement amount as evidence of a claim exceeding $75,000."); *McPhail*, 529 F.3d at 956 ("It is permissible for a district court to consider settlement offers when deciding the jurisdictional question.").

Summary Judgment, and Exhibit A to the Declaration of Lawrence M. Pullen, that state the range of amounts that Defendants demanded in settlement discussions. Plaintiffs file herewith redacted versions of those two documents.

Accordingly, Plaintiffs request that the Court file under seal the unredacted versions of those two documents. A proposed order is enclosed.

| Date | March 14, 2022<br>Baltimore, Maryland | Respectfully submitted, |
|---|---|---|

*/s/ Adam B. Abelson*
Adam B. Abelson (#29532)
Zuckerman Spaeder LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
(410) 332–0444; (410) 659–0436 (fax)
aabelson@zuckerman.com

Marcos E. Hasbun (Pro Hac Vice)
Zuckerman Spaeder LLP
101 East Kennedy Boulevard, Suite 1200
Tampa, Florida 33602–5838
(813) 221–1010; (813) 223–7961 (fax)
mhasbun@zuckerman.com

Caitlin Hawks (Pro Hac Vice)
Zeynep Graves (Pro Hac Vice)
PETA Foundation
2154 West Sunset Boulevard
Los Angeles, CA 90026
(323) 210-2263; (213) 484-1648 (fax)
caitlinh@petaf.org
zeynepg@petaf.org

*Counsel for Plaintiffs*