IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CONSTANCE COLLINS, *et al.*                    *

        *Plaintiffs*                    *

   *v.*                    *

TRISTATE ZOOLOGICAL PARK                    *          Case No.: 1:20-cv-01225-PX
OF WESTERN MARYLAND, INC., *et al.*
                               *
        *Defendants*                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*.   \*

**DEFENDANTS' MEMORANDUM OF LAW IN
OPPOSITION TO MOTION TO STRIKE EVIDENCE**

    Defendants Tristate Zoological Park of Western Maryland, Inc. ("Tristate"), Animal Park,

Care & Rescue, Inc. ("APCRI"), and Robert L. Candy, hereby file this Opposition to Plaintiffs'

Motion to Strike [ECF 82] evidence related to Defendants' Opposition to Plaintiffs' Motion for

Summary Judgment and in Support of their Motion for Summary Judgment [ECF 75], and state:

## I.    INTRODUCTION

    Plaintiffs' case is that "Defendant[s] maintain a public nuisance in the form of a roadside

zoo in Cumberland, Maryland." *See* ECF 71-1 (Pls. SJ Memo), Intro., p. 1. The crux of it rests on

Plaintiffs' claim that Defendants, including Mr. Candy, mistreat their animals. *Id.* These are

serious allegations in a society that venerates humanity and decency to all living creatures. They

are also ones deeply factual in nature. Coupled together, it is hard to imagine an inquiry less

appropriate for resolution by summary judgment than that postulated by Plaintiffs. Further, if

Plaintiffs' allegations were true, one would expect legions of citations against Defendants issued

by the government agencies responsible for protecting the welfare and safety of the animals in

their care over the last two decades. Yet that is not the case, and it is the very evidence that shows

this, which Plaintiffs claims is "not important," *see* ECF 82-1, p. 4, that Plaintiffs' Motion to Strike focuses on. But this evidence *is* "important," as it undercuts Plaintiffs' factual allegations and emphasizes the lack of any injury that would support their public nuisance claim. That is not a reason to strike it, and Plaintiffs' Motion should be denied with rare exception.

## II.     STANDARD OF REVIEW

### A.  Late Disclosure – Rule 37(c).

Plaintiffs' Motion to Strike relies heavily on Rule 37(c) of the Federal Rule of Civil Procedure ("Fed. R. Civ P."), which states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." Fed. R. Civ. P. 37(c)(1). The standard of review is as follows:

> [I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014) (quoting *S. States Rack and Fixture, Inc. v. Sherwin-Williams Co.,* 318 F.3d 592, 596-597). The burden is on the non-disclosing party. *Id.* Defendants meet this burden as to the internal USDA email.

### B.  Inadmissible Hearsay – Fed. R. Evid. 801, *et seq.*

Plaintiffs' Motion to Strike seeks to strike testimony as inadmissible hearsay per the Federal Rules of Evidence ("Fed. R. Evid."). Rule 801(c) of the rules defines hearsay as:

> (c) Hearsay. "Hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.

Fed. R. Evid. 801(c). Rule 56(e) requires affidavits submitted on summary judgment contain admissible evidence and be based on personal knowledge. Fed. R. Civ. P. 56(e); s*ee also Evans v. Techs. Applications & Serv. Co.,* 80 F.3d 954, 962 (4th Cir. 1996); *Maryland Highways Contractors Ass'n v. Maryland,* 933 F.2d 1246, 1252 (4th Cir.), *cert. denied,* 502 U.S. 939 (1991); *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir.1991). Mr. Candy's Affidavit is free of inadmissible hearsay, is based upon personal knowledge of the facts set forth therein and should be considered by this Court when ruling on summary judgment.

### C. Opinion Testimony – Fed. R. Evid. 701

Defendants argue Mr. Candy's Affidavit contains lay witness opinion testimony, which Rule 701 allows under the following conditions:

> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determine a fact at issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge evidence within the scope of Rule 702.

Fed. R. Evid. 701. Thus, based on this rule, a lay witness may offer an opinion if it is "rationally based on [his] perception," helpful, and not of the ilk covered by Rule 702. *U.S. v. Smith*, 962 F.3d 755, 766 (4th Cir. 2020) (internal quotations omitted), *reh'g denied* (July 14, 2020), *cert. denied*, –––– U.S. ––––, 141 S. Ct. 930, 208 L.Ed.2d 471 (2020); *see also Maryland Shall Issue, Inc. v. Hogan*, Civil Case No. ELH-16-3311, 2021 WL 3172273 (D. Md. July 27, 2021).

The Fourth Circuit has recognized that " 'the line between lay opinion testimony under 701 and expert testimony under Rule 702 is a fine one.' " *U.S. v. Farrell*, 921 F.3d 116, 143 (4th Cir. 2019) (quoting *U.S. v. Johnson*, 617 F.3d 286, 293 (4th Cir. 2010)), *cert. denied*, –––– U.S. ––––, 140 S. Ct. 269, 205 L.Ed.2d 182 (2019). The "'guiding principle' in distinguishing a lay opinion

from an expert opinion is that lay testimony must 'be based on personal knowledge.'" *Farrell*, 921 F.3d at 143 (internal citation omitted). In making this determination, this Court is "afforded a good deal of discretion." *U.S. v. Smith*, 962 F.3d 755, 767 (4th Cir. 2020). Notably, the Advisory Committee Notes to Rule 701 provide that testimony based on "'the particularized knowledge that the witness has by virtue of his or her position in [a] business'" may be admissible under Rule 701 because "it is not based on 'experience, training or specialized knowledge within the realm of an expert[.]'" *Lord & Taylor, LLC v. White Flint, L.P.*, 849 F.3d 567, 576 (4th Cir. 2017). (internal quotes and citations omitted).

Further, the Fourth Circuit has specified that "if a witness's firsthand observations are 'common enough' and require applying only a 'limited amount of expertise,' they may fairly come in under Rule 701." *Smith*, 962 F.3d at 767. On the other hand, "opinions resulting 'from a process of reasoning which can be mastered only by specialists in the field' must be admitted through Rule 702." *Id.* (quoting *U.S. v. Howell*, 472 F. App'x 245, 246 (4th Cir. 2012) (quoting Fed. R. Evid. 701 advisory committee note to 2000 amendment)). "The modern trend favors the admission of opinion testimony [under Rule 701], provided that it is well founded on personal knowledge as distinguished from hypothetical facts," and the opinion is offered "on the basis of relevant historical or narrative facts that the witness has perceived." *MCI Telecomms. Corp. v. Wanzer*, 897 F.2d 703, 706 (4th Cir. 1990) (internal quotations omitted). As a zookeeper who has owned a zoo for over twenty-years, Mr. Candy's Affidavit is based on firsthand, personal knowledge.

*     *     *

With few exceptions, Mr. Candy's Affidavit satisfies all the above requirements for admission and should be considered by this Court when ruling on summary judgment.

# III.    ARGUMENT

Plaintiffs' Motion to Strike targets the following three documents:

1.  A publicly available internal U.S. Department of Agriculture ("USDA") email dated February 4, 2020, about its official inspection of Tri-State Zoo, which is attached as <u>Ex. 1</u>;[1]

2.  A letter from John Carden, a former Allegany County Animal Control Officer, indicting the lack of any problems with Tri-State Zoo, which is attached as <u>Ex. 2</u>; and

3.  Defendant Robert Candy's Affidavit in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendants' Motion for Summary Judgment, which is attached as <u>Ex. 3</u>.

*See* ECF 82-1 (Mot. Str.).  This Opposition addresses each in turn.

## A.  The Publicly Available USDA Internal Email.

Plaintiffs' Motion seeks to strike an internal USDA email concerning its inspection of Defendants' Zoo because it was not produced earlier. *Id.*, pp. 2-4.  A review of the factors for precluding this email for late disclosure under FRCP 37 advocates strongly for its admission.

1.  <u>Plaintiffs' Were Not Surprised</u>.

The first factor under Rule 37, *i.e.,* whether Plaintiffs suffered surprise, favors admission. Plaintiffs in their motion neglect to mention that the subject email is an internal USDA one discussing the inspection of Defendants' Zoo.  As such, it is an official record of a Department of the U.S. Government, and the U.S. Freedom of Information Act, 5 U.S.C. §§ 552, *et seq.* ("FOIA") makes it publicly available to all citizens as a matter of law.   Plaintiffs feign surprise that the USDA would have such a record: "Plaintiffs were surprised by the written correspondence." *See* ECF 82-1 (Mot. Str.), p. 3.  In fact, they themselves made numerous requests to the USDA for its records related to Defendants. *See* <u>Ex. 4</u>.

---

[1] <u>Ex. 1</u> includes the Bates stamped and filed versions of this internal USDA email.

Plaintiffs complain that the internal USDA email references a memo, which Defendants did not include. The reason for that is the USDA's responses to Defendants' FOIA request did not include that memo. Given the content of the email, it appears that memo would be helpful to Defendants. Thus, its absence most likely hurts Defendants, not the other way around. In any event, Defendants produced everything the USDA's responses provided, so Plaintiffs now have everything they do. Further, Plaintiffs cannot be surprised by a memo that neither side possesses. In short, Plaintiffs suffered no surprise, and this factor weighs heavily in favor of admission.

2. Any Harm Plaintiffs Suffered Is Easily Remedied.

The second factor under FRCP 37 is whether this Court can remedy any harm suffered due to the late disclosure of this publicly available internal USDA email. This factor weighs in favor of admission. Plaintiffs argue, they "were given no opportunity to cure this surprise." ECF 82-1 (Mot. Str.), p. 3. Yet they knew the USDA oversaw Defendants' operations and repeatedly requested its records. Thus, irrespective of whether Plaintiffs knew of this specific email, they knew the USDA was overseeing Defendants' Zoo and nothing prevented them (or prevents them now) from reaching out to its officials, which, again, they have done repeatedly via FOIA requests. Still, if Plaintiffs believe it critical to speak with these individuals, Defendants have no objection to them doing so by phone or deposition. This is simply not a situation where any harm suffered is a severe, irreparable, or a result of unfair surprise. Ergo, this factor heavily favors admission.

3. The Admission of this Internal USDA Email Will Not Hinder the Trial.

The third factor of whether admission would hinder trial favors consideration of this email. As discussed above, Plaintiffs suffered no surprise and any harm arguably suffered could be easily remedied. Given this fact, and that a trial date has not been set, it is difficult to see how the

admission of the internal USDA email would hinder the yet-to-be scheduled trial in this case. Put bluntly, it would not, and this factor weighs heavily in favor of admission.

4.     <u>The Internal USDA Email Is Important Evidence</u>.

The fourth factor is the importance of the evidence at-issue. As noted in the Introduction, Plaintiffs accuse Defendants of mistreating and abusing their animals. Defendants' Zoo has been in existence for over two decades. That whole time Defendants have been subject to numerous regulations, including the U.S. Animal Welfare Act, 7 U.S.C. §§ 2131, *et seq.* ("AWA"),[2] and the oversight of local, state, and federal inspectors, including "Highly-trained USDA inspectors" who "conduct routine, unannounced inspections."[3] If there was a problem with Defendants' Zoo severe enough to give rise to a public nuisance, one would expect highly-trained government inspectors tasked with safeguarding the animals at Defendants' Zoo to have documented numerous violations and be incensed with Defendants' malfeasance. Thus, an official government record that shows the exact opposite, such as the internal USDA email, is highly pertinent and extremely important in this case. This fourth factor more so than any other weighs in favor of admission.

5.     <u>The Failure to Disclose Was Accidental</u>

The last factor, the non-disclosing party's explanation for its failure to disclose the evidence, does not weigh heavily against the admission. Prior to current counsel, Defendants were represented by two different law firms. It appears both firms believed the other had provided the USDA's responses to their FOIA requests, so these responses were not produced earlier. As soon as new counsel realized this, these documents were immediately Bates stamped and turned over to

---

[2] AWA sets the "standards for the for the humane care and treatment for certain animals that are exhibited to the public." It such requires facilities to "provide their animals with adequate housing, sanitation, nutrition, water and veterinary care, and they must protect their animals from extreme weather and temperatures," USDA Website, found at <u>www.aphis.usda.gov/aphis/ourfocus/animalwelfare/awa/ct_program_information</u>.

[3] *Id.*

Plaintiffs. *See* Ex. 5.  In short, the late disclosure of this document appears to be the result of an inadvertent miscommunication.  Given the weight of the other factors in favor of admission, that should not bar the consideration of such an important document here.

*    *    *

In sum, four of the five factors used to determine whether a late produced documents should be admissible weigh heavily in favor of the admission of the internal USDA email and overshadow the fact that Defendants inadvertently failed to produce it earlier.  Thus, Plaintiffs' Motion to Strike under FRCP 37 should be denied as to this highly relevant and important piece of evidence.

### B.  Mr. Carden's Letter.

Plaintiffs' Motion seeks to strike a letter from John Carden, a former Allegany Animal Control Officer, under FRCP 37 as inadmissible hearsay. ECF 82-1 (Mot. Str.), pp. 2-5. Defendants agree this letter contains inadmissible hearsay and should be stricken, but they dispute that Mr. Carden's testimony is improper as Plaintiffs suggest.  Plaintiffs concede Defendants disclosed Mr. Carden in their written discovery responses, *see* ECF. 82-1 (Mot. Str.), p. 3 n.1, but claim his contact information was inaccurate – a problem a Google® search resolves. *See* Ex. 6. They also argue that Mr. Carden's testimony is "not important."  As his letter shows, Mr. Carden is expected to testify that Defendants never harmed the animals nor denied them treatment by licensed veterinarians. *Id.*  Again, such testimony rebuts Plaintiffs factual allegations and shows the lack of any injury that would rise to the level of a public nuisance; thus, is extremely important in this case.

### C.  Defendant Robert Candy's Affidavit.

Plaintiffs' Motion seeks to strike most of Defendant Robert Candy's Affidavit for a hodgepodge of reasons that mostly lack merit.  They are as follow:

## First Objection

**Testimony:**    USDA "[i]nspections are used to identify possible concerns, to be corrected, not always as citations." ECF 75-3 (Candy Aff.), ¶ 5.

**Objection:**    Lack of personal knowledge.

**Response:**    The USDA's website in describing inspections by its Animal and Plant Health Inspection Service ("APHIS") notes that, to promote compliance, warning letters may be issued.[4] Mr. Candy who has been both a zookeeper and zoo owner for over twenty years obviously has personal knowledge of these facts and should allowed to help explain his testimony by explaining them. This objection should be overruled.

## Second Objection

**Testimony:**    "[USDA inspectors] have found [no] validity to PETA's claims." *Id.*, ¶ 8.

**Objection:**    Hearsay.

**Response:**    Whether USDA inspectors have fined him based on the acts and omission PETA accuses Mr. Candy is a fact well within the purview of his personal knowledge. This objection should be overruled.

## Third Objection

**Testimony:**    "AZA standards often do not apply and are usually only applicable to larger facilities." *Id.*, ¶ 9.

**Objection:**    Fed. R. Evid. 701; Lack of personal knowledge.

**Response:**    Mr. Candy has been a zookeeper and zoo owner for over two decades. He undoubtedly has personal knowledge and familiarity with the Association of Zoo & Aquarium ("AZA") accreditation program and whether its standards apply to small zoos like his. This objection should be overruled.

## Fourth Objection

**Testimony:**    "All animals have been and/or have been treated by licensed vets when needed." *Id.*, ¶ 11.

**Objection:**    Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp.2d at 533; Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701.

**Response:**    Mr. Candy not only owns his Zoo but runs it. As such, he has personal knowledge as to the treatment of the Zoo's animals. His testimony on that issue is helpful to understanding his testimony and to determining key facts

---

[4] USDA Website, § APHIS: Enforcement, found at
www.aphis.usda.gov/aphis/ourfocus/animalwelfare/awa/ct_program_information.

at issue.  Thus, under Rule 701, his testimony as to the treatment of his animals is admissible.

Mr. Candy's testimony on this issue is not conclusory or unsupported.  He owns and runs his Zoo.  As such, he has personal knowledge about the treatment of his animals.  Further, all testimony by parties is self-serving.  That is not a reason to exclude it.  If it was, parties could not testify to prosecute their claims or defend themselves against baseless accusations.  Under Plaintiffs' theory, a defendant would be barred from claiming he or she was innocent.  Fortunately, that is not the case and Mr. Candy should be allowed to testify in his own defense.

This objection should be overruled.

### Fifth Objection

**Testimony:**   "The Zoo has always maintained a qualified attending veterinarian as required by the USDA and AWA." *Id.*, ¶ 11.

**Objection:**   Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701.

**Response:**   Please see Response to Plaintiffs' Fourth Objection.  For those same reasons, this objection should be overruled.

### Sixth Objection

**Testimony:**   "Although PETA has tried to say otherwise, including in ongoing complaints to the USDA, the USDA has verified that there has been no violation in this regard." *Id.*, ¶ 11.

**Objection:**   Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp.2d at 533; Hearsay.

**Response:**   Again, Mr. Candy owns and operates his Zoo.  As necessary consequence of that, he has personal knowledge of whether the USDA issued Defendants any citations related to Plaintiffs' allegations.  Whether the USDA has or has not issued such citations is not a statement, but a fact that is well within Mr. Candy's personal knowledge.  This objection should be overruled.

### Seventh Objection

**Testimony:**   "Although each attending vet may have his/her own standards, we follow the care provided by our vet during his/her tenure." *Id.*, ¶ 11.

**Objection:**   Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963.

**Response:**   Again, Mr. Candy owns and operates his Zoo.  A necessary consequence of that is he has personal knowledge of what standards Defendants followed with respect to the treatment of their animals.  Plaintiffs' complaint that Mr. Candy's is self-serving may go to the weight but is not grounds for

preclusion. As previously explained, all testimony by parties is self-serving. That is not a reason to exclude it. If it was, parties could not testify to prosecute their claims or defend themselves against baseless accusations. Under Plaintiffs' theory, a defendant would be barred from claiming he or she was innocent. Fortunately, that is not the case and Mr. Candy should be allowed to testify in his own defense.

This objection should be overruled.

## Eighth Objection

**Testimony:** "Dr. Haddad, in her report, falsely states that [captive bears] live into their 40s, I believe in order to misrepresent their care provided, as well as to give a false impression on any possible movement." *Id.*, ¶ 12.

**Objection:** Fed. R. Evid. 701; Lack of personal knowledge.

**Response:** Mr. Candy has been a zookeeper and zoo owner for over two decades. During that time, Defendants' Zoo has kept bears in their golden years. Further, as with any profession, Mr. Candy is familiar with and speaks with other similarly situated Zoos as his. In fact, the two bears at Defendants' Zoo are on loan from another small Zoo. Put simply, he knows how old bears get from his twenty plus years in the business and, thus, can testify to these facts based upon his personal knowledge. Since his understanding of this issue is helpful to clearly understanding his testimony and to determining key facts in this case, this testimony is expressly allowed under Fed. R. Evid. 701. This objection should be overruled.

## Ninth Objection

**Testimony:** "Simply put, these are elderly bears, past or in the final years of the lifespan." *Id.*, ¶ 12.

**Objection:** Fed. R. Evid. 701.

**Response:** Please see Response to Plaintiffs' Eighth Objection. For those same reasons, this objection should be overruled.

## Tenth Objection

**Testimony:** The bears "are provided proper nutrition, housing, and enrichment." *Id.*, ¶ 12.

**Objection:** Fed. R. Evid. 701; self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963.

**Response:** Please see Responses to Plaintiffs' Seventh and Eighth Objections. For those same reasons, this objection should be overruled.

| | |
|---|---|
| **Testimony:** | The bears' proper nutrition, housing, and enrichment "has been verified by USDA, Attending Vets, and Karl & Deb Morgenson (Natural Bridge Zoo/owners." *Id.*, ¶ 12. |
| **Objection:** | Lack of personal knowledge; Hearsay. |
| **Response:** | Please see Responses to Plaintiffs' Sixth and Eighth Objections. For those same reasons, this objection should be overruled. |

**Twelfth Objection**

| | |
|---|---|
| **Testimony:** | "The bears exhibited no signs of pain (verified by USDA), ate well ..." *Id.*, ¶ 12. |
| **Objection:** | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701; Lack of personal knowledge; Hearsay. |
| **Response:** | That the bears exhibited no signs of pain and ate well are not statements by the bears, and thus, cannot be hearsay. Mr. Candy has been the caretaker of these bears for many years. Moreover, he has owned and operated Defendants' Zoo for over two decades. He knows from personal knowledge and experience the signs animals, including bears, exhibit when they are in pain. He also knows from personal knowledge and experience when an animal is eating well, especially his two bears. Since his personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed under Fed. R. Evid. 701. This objection should be overruled. |

**Thirteenth Objection**

| | |
|---|---|
| **Testimony:** | "Given their age, there was an ongoing concern as to their welfare if put under for any veterinary procedure, as that could be more hazardous to their health." *Id.*, ¶ 12. |
| **Objection:** | Fed. R. Evid. 701. |
| **Response:** | Please see Response to Plaintiffs' Twelfth Objection. |
| | Further, Mr. Candy has been the primary caregiver to these two bears for many years. At this point, he knows these bears better than anyone, since he personally takes care of them daily. His testimony as to these two bears on this issue is helpful to clearly understanding his testimony and to determining key facts in this case. As such, per Fed. R. Evid. 701, this Court should consider it when ruling on summary judgment. |
| | This objection should be overruled. |

**Fourteenth Objection**

| | |
|---|---|
| **Testimony:** | "All reports were positive to their health and care, especially at their advance age." *Id.*, ¶ 12. |

**Objection:** Fed. R. Evid. 701; Lack of personal knowledge; Hearsay.

**Response:** For the reasons, previously stated and repeated, Plaintiffs' objection on the grounds of Fed. R. Evid. 701 and lack of personal knowledge about these bears falls flat. As their primary caretaker over many years, Mr. Candy certainly can access the health and well-being of these bears, especially over time, better than anyone else. As to hearsay, this is a tougher call. Still, Mr. Candy is not repeating any statement from these reports. He is simply providing a summary, which is helpful to understanding his testimony and to determining facts at issue in this case. This Court can, and should, give proper weight to this testimony and, therefore, should consider it. This objection should be overruled.

### Fifteenth Objection

**Testimony:** "USDA has found no violations with the [bears'] care in thirteen years." *Id.*, ¶ 12.

**Objection:** Lack of personal knowledge; Hearsay.

**Response:** Plaintiffs' objection as to lack of personal knowledge is without basis. As the primary caretaker of these bears and the owner of the Zoo where they reside, Mr. Candy has personal knowledge as to whether the USDA has ever issued any citations or found any violations with respect to the bears' care over the last thirteen years.

Plaintiffs' objection on hearsay grounds also lacks merit. That the USDA has not found any violations is not a statement; it is a fact. Mr. Candy can testify to relevant facts that he knows like any other fact witness.

This objection should be overruled.

### Sixteenth Objection

**Testimony:** "As well, if a possible concern arose [with the cougar], big cat vets were consulted." *Id.*, ¶ 13.

**Objection:** Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp.2d at 533.

**Response:** As the primary caretaker of Charlie the Cougar and the owner of the Zoo where he lived, Mr. Candy has personal knowledge as to whether he consulted with vets whenever he or anyone else at the Zoo had a concern about Charlie. And Mr. Candy should be given the right to defend himself. This objection should be overruled.

### Seventeenth Objection

**Testimony:** "No [n]ecropsy was … required as [the cougar] lived alone, had no contact with other animals, and his passing was deemed to be due to complications of advanced age." *Id.*, ¶ 13.

**Objection:** Fed. R. Evid. 701; Lack of personal knowledge.

| **Response:** | Again, as the primary caretaker of Charlie the Cougar and the owner of the Zoo where he lived, Mr. Candy has personal knowledge as why no necropsy was performed and why the cougar passed. Since his personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed under Fed. R. Evid. 701. This objection should be overruled. |

### Eighteenth Objection

| **Testimony:** | "USDA reviewed the records and found no concerns nor violations." *Id.*, ¶ 13. |

| **Objection:** | Lack of personal knowledge; Hearsay. |

| **Response:** | As the primary caretaker of Charlie the Cougar and the owner of the Zoo where he lived, Mr. Candy personally interacted with the USDA and has personal knowledge as to whether the USDA expressed any concerns or issued any violations related to Charlie's death. |
| | That the USDA did not express any concerns or find any violations related to Charlie's death is not a statement; it is a fact. Mr. Candy can testify to relevant facts that he knows like any other fact witness, and thus his testimony on this issue should be considered by this Court in its summary judgment rulings. |
| | This objection should be overruled. |

### Nineteenth Objection

| **Testimony:** | "Charlie was not left to needlessly suffer." *Id.*, ¶ 13. |

| **Objection:** | Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701; Lack of personal knowledge; Hearsay. |

| **Response:** | Please see Responses to Plaintiffs' Sixteenth, Seventeenth and Eighteenth Objections. In addition, as noted earlier, all testimony by parties is self-serving. That is not a reason to exclude it. If it was, could not testify to prosecute their claims or defend themselves against baseless accusations. Under Plaintiffs' theory, a defendant would be barred from claiming he or she was innocent. Fortunately, that is not the case and Mr. Candy should be allowed to testify in his own defense. |
| | This objection should be overruled. |

### Twentieth Objection

| **Testimony:** | "As Dr. Duncan was not available, euthanizing was not the best course of treatment without a final diagnosis." *Id.*, ¶ 13. |

| **Objection:** | Fed. R. Evid. 701; Lack of personal knowledge. |

| **Response:** | Please see Responses to Plaintiffs' Sixteenth through Nineteenth Objections. For those same reasons, this objection should be overruled. |

## Twenty-First Objection

**Testimony:** "During [Diablo's] final years, he … continued to thrive in his environment." "He continued to thrive until he finally went to sleep and passed peacefully in 2021." *Id.*, ¶ 14.

**Objection:** Fed. R. Evid. 701; Lack of personal knowledge.

**Response:** As the primary caretaker of Diablo the Bobcat and the owner of the Zoo where he lived, Mr. Candy personally interacted and observed Diablo every day for years. Thus, he has personal knowledge that Diablo was thriving at the Zoo prior to his passing and that he died in his sleep. Since Mr. Candy's personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed under Fed. R. Evid. 701. This objection should be overruled.

## Twenty-Second Objection

**Testimony:** "Dr. McFadden from the USDA had also observed Diablo over his lifespan at the zoo with no concerns." *Id.*, ¶ 14.

**Objection:** Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963.

**Response:** Again, all party testimony is self-serving. That is not grounds for barring it from consideration. Further, Defendants should be allowed to defend themselves and to do otherwise would be unfair, unjust, and violative of both the Maryland and U.S. Constitutions. This objection should be overruled.

## Twenty-Third Objection

**Testimony:** Dr. Adams "felt that Snork[le] was in no pain." Dr. Adams "did not find [Snorkle] to be in any pain." *Id.*, ¶ 15.

**Objection:** Lack of personal knowledge; Hearsay.

**Response:** As the primary caretaker of Snorkle the Pig, Mr. Candy personally interacted with Dr. Adams with respect to Snorkle's care and, thus, has personal knowledge about it. In the context of ¶ 15 of his Affidavit, the objected to statements are not being proffered to prove the matter asserted, *i.e.*, that Snorkle was not in any pain, but rather, to explain why Mr. Candy took the action that he did with respect to Snorkle. Since these statements are not being used to prove the matter asserted, they are, by definition, not hearsay. *See* Fed. R. Evid. 801. Since these statements are not hearsay and are helpful to understanding Mr. Candy's testimony, they should be considered by this Court in its summary judgment rulings, and this objection should be overruled.

**Twenty-Fourth Objection**

**Testimony:** "Contrary to the plaintiff's claims, the iguanas were not included in Dr. Duncan's PVC because they were likely not at the zoo during her tenure, not because she refused to treat them." *Id.*, ¶ 16.

**Objection:** Lack of personal knowledge.

**Response:** As the primary caretaker of the iguanas and the owner of the Zoo where they resided, Mr. Candy has personal knowledge as to when they first came to the Zoo. Further, as the owner of the Zoo who dealt directly with Dr. Duncan, he has firsthand, personal knowledge when she started working with the Zoo and whether she ever refused to treat the iguanas. Thus, this objection is not well-based and should be overruled.

**Twenty-Fifth Objection**

**Testimony:** Dream "was considered to be in good condition." *Id.*, ¶ 17.

**Objection:** Lack of personal knowledge; Hearsay.

**Response:** As the primary caretaker of Dream the Miniature Horse and the owner of the Zoo where she resided, Mr. Candy has personal knowledge as to her health and well-being. He also has personal knowledge as to when she was seen by her veterinarian's and whether there were any concerns about her health. That no concerns were raised is not a statement that Mr. Candy is repeating to prove the truth of the matter asserted, but is a fact that he is testifying to, *i.e.*, no health concerns were raised as to Dream during the vet's visit on 9/24/21. Again, Mr. Candy should be allowed to tell his side of the story and to testify to facts that are helpful to clearly understand his testimony or in determining a fact at issue.

This objection should be overruled.

**Twenty-Sixth Objection**

**Testimony:** []Dr. Vest "made a [] diagnosis using a picture supplied by PETA from March 2018. Even though PETA has been to the zoo on 2 more occasions, most recently July 19, 2021, they did not supply Dr. Vest with any updated information or pictures." *Id.*, ¶ 17.

**Objection:** Lack of personal knowledge.

**Response:** Mr. Candy has personal knowledge as to what Dr. Vest made his diagnosis on and when Plaintiffs visited Defendants' Zoo. That Plaintiffs may disagree with these assertions is not grounds for striking them. If Plaintiffs dispute these statements, the appropriate remedy is for them to file a counter-affidavit. This objection should be overruled.

**Testimony:** "There are no concerns from any regulatory agencies regarding the care of the horses." *Id.*, ¶ 17.

**Objection:** Lack of personal knowledge; Hearsay.

**Response:** As the primary caretaker of the horses and the owner of the Zoo where they resided, Mr. Candy has personal knowledge as to whether Defendants were issued any citations from regulatory agencies related to the horses.

Plaintiffs' objection on hearsay grounds also lacks merit. That no regulatory agency expressed concerns or issued violations to Defendants with respect to the horse is not repeating a statement; it is stating a fact, which is what witnesses do. Mr. Candy can testify to relevant facts that he knows like any other fact witness. In short, Plaintiffs' hearsay objection to Mr. Candy stating no regulatory agency ever expressed any concerns to him about the horse or issued any violations as them is not well-placed.

This objection should be overruled.

**Twenty-Eighth Objection**

**Testimony:** "Dream and Capuchino (*sic*), as well as Demo the donkey are considered to be in good shape and up to date on their vaccines. (As per Dr. Adams)." *Id.*, ¶ 17

**Objection:** Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Fed. R. Evid. 701; Hearsay.

**Response:** As their primary caretaker and the owner of the Zoo where they reside, Mr. Candy has personal knowledge as to their condition and their vet reports. Since Mr. Candy's personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed under Fed. R. Evid. 701. Further, that these animals are considered in good condition and up to date on their vaccinations is not a statement being repeated, but a fact that Mr. Candy is testifying to. Further, this testimony explains why Mr. Candy is handling these animals the way he is. Thus, the statement is not being used to prove the truth of the matter asserted, but to show why he is taking certain actions.

This objection should be overruled.

**Twenty-Ninth Objection**

**Testimony:** "In fact, Bassett[s] are listed at number 10 as a breed of dog that may be most expensive due to vet care." *Id.*, ¶ 18.

**Objection:** Fed. R. Evid. 701.

**Response:** Mr. Candy owns a thirteen-year-old Bassett Hound. Thus, he knows firsthand, based on personal knowledge how expensive this breed can be

when it comes to veterinarian and other health costs. Presumably, Plaintiffs are complaining because he references to a Top 10 List. If he read the list and is familiar with it, he has personal knowledge about it. Even if one disagrees with this position, the issue is petty. The point Mr. Candy is making is that Bassett Hounds are known for having costly health issues. As an owner of one, he can speak to that key fact based on personal knowledge. Since Mr. Candy's personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed under Fed. R. Evid. 701.

This objection should be overruled.

### Thirtieth Objection

**Testimony:**    "Bridgette the Bassett Hound's condition was not considered life threatening." *Id.*, ¶ 18.

**Objection:**    Lack of personal knowledge; Fed. R. Evid. 701.

**Response:**    Please see response to Plaintiffs' Twenty-Nineth Objection. For the same reasons, this objection should be overruled.

### Thirty-First Objection

**Testimony:**    Bridgett the Bassett Hound's "nail trims were done at the vet, but no evidence of any removal from her foot pad." *Id.*, ¶ 18.

**Objection:**    Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp.2d at 533.

**Response:**    Please see response to Plaintiffs' Twenty-Nineth Objection. Although Plaintiffs raise different grounds for their objection here, it should be denied for the same reasons as explained in Plaintiffs' Twenty-Nineth Objection.

### Thirty-Second Objection

**Testimony:**    "Moving [Dodger] would be detrimental to his physical and mental health. This has been stated by numerous vets and the USDA." *Id.*, ¶ 19.

**Objection:**    Fed. R. Evid. 701; Hearsay.

**Response:**    As the primary caretaker of Dodger the Monkey and the owner of the Zoo where he resides, Mr. Candy has firsthand, personal knowledge about him, including how he would react to being taken from his home after all these years. Since Mr. Candy's personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed under Fed. R. Evid. 701.

That this information was confirmed by numerous vets and the USDA is probably hearsay, although an argument could be made that it is being used to simply show why Mr. Candy feels the way he does and is not being used for to prove the matter asserted. In addition, it helps to better explain his testimony.

As to the first sentence being objected to, this objection is not well-placed. As to the second, there is some merit.

### Thirty-Third Objection

**Testimony:** "Although not verified, [Dodger's] surgery was treated as frostbite." *Id.*, ¶ 19.

**Objection:** Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp.2d at 533.

**Response:** As the primary caretaker of Dodger the Monkey and the owner of the Zoo where he resides, Mr. Candy has firsthand, personal knowledge about him. Further, as the one who took him to the vet and paid the bill, he has firsthand, personal knowledge as to why Dodger was being treated. Since Mr. Candy's personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed under Fed. R. Evid. 701.

This objection should be overruled.

### Thirty-Fourth Objection

**Testimony:** Dodger "has never had an issue of staying inside when cold . . ." *Id.*, ¶ 20.

**Objection:** Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp.2d at 533.

**Response:** As the primary caretaker of Dodger the Monkey and the owner of the Zoo where he resides, Mr. Candy has firsthand, personal knowledge about him. Since Mr. Candy's personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be considered.

This objection should be overruled.

### Thirty-Fifth Objection

**Testimony:** "Dodger's enclosure, diet, and enrichment plans have all been reviewed/ inspected by the USDA every year, with no violations. USDA also investigated Dodger's injuries in response to one of PETA's complaints. They found no neglect, abuse, nor any violations." *Id.*, ¶ 20.

**Objection:** Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Conclusory and unsupported allegation. *See Leskinen*, 30 F. Supp.2d at 533; Hearsay.

**Response:** As the primary caretaker of Dodger the Monkey and the owner of the Zoo where he resides, Mr. Candy communicated directly with the USDA about Dodger. Thus, he has firsthand, personal knowledge about whether the USDA raised any concerns or issued any violations with respect to him. Since Mr. Candy's personal knowledge on this issue is helpful to

understanding his testimony and to determining key facts in this case, this testimony should be allowed. Further, whether the USDA expressed any concerns or issued any violations with respect to Dodger is not a statement the USDA made to Mr. Candy. Rather, whether they did or did not raise concerns is a fact that he should be allowed to testify, just as any other witness would be allowed to do on whether something did or did not happen. That is not hearsay. *See* Fed. R. Evid. 801.

This objection should be overruled.

### Thirty-Sixth Objection

**Testimony:** "Dodger and his area have been viewed and inspected by USDA for approximately 10 years with no concerns." *Id.*, ¶ 20.

**Objection:** Lack of personal knowledge; Hearsay.

**Response:** Please see Response to Plaintiffs' Thirty-Fifth Objection. For the same reasons, this objection should be overruled.

### Thirty-Seventh Objection

**Testimony:** "USDA has inspected [Diva's] areas and condition and found no concerns." *Id.*, ¶ 22.

**Objection:** Lack of personal knowledge; Hearsay.

**Response:** As the primary caretaker of Diva the Wolf-Dog Hybrid and the owner of the Zoo where she resides, Mr. Candy communicated directly with the USDA about her. Thus, he has firsthand, personal knowledge about whether the USDA raised any concerns or issued any violations with respect to her and her area. Since Mr. Candy's personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed. Further, whether the USDA expressed any concerns is not a statement, but a fact that Mr. Candy has personal knowledge about and should be allowed to testify on. It is not hearsay. *See* Fed. R. Evid. 801.

This objection should be overruled.

### Thirty-Eighth Objection

**Testimony:** "[Diva] has learned to trust again, gained weight, and is thriving." *Id.*, ¶ 22.

**Objection:** Self-serving allegation without objective corroboration. *Evans*, 80 F. 3d at 963; Lack of personal knowledge.

**Response:** Please see Response to Plaintiffs' Thirty-Eighth Objection. For the same reasons, this objection should be overruled.

### Thirty-Ninth Objection

**Testimony:** "At age 12, [Diva] has been found to be good." *Id.*, ¶ 22.

**Objection:** Lack of personal knowledge; Hearsay.

**Response:** Please see Response to Plaintiffs' Thirty-Eighth Objection. For the same reasons, this objection should be overruled.

### Fortieth Objection

**Testimony:** "[S]cratching, pulling, and picking may be normal grooming for primates." *Id.*, ¶ 23.

**Objection:** Lack of personal knowledge; Hearsay.

**Response:** As a primary caretaker of the mini horses and mini donkey, and as the owner of the Zoo where they reside, Mr. Candy has firsthand, personal knowledge about their treatments and vet visits. Further, as the one who makes their vet appointments and pays their vet bills, Mr. Candy has personal knowledge about their vet visits and their vaccination records. Since his personal knowledge on this issue is helpful to understanding his testimony and to determining key facts in this case, this testimony should be allowed.

Mr. Candy is just stating facts, not repeating other people's statements. Thus, by definition, this testimony is not inadmissible hearsay. *See* Fed. R. Evid. 801. Mr. Candy should be allowed to testify as to these equines' condition and vaccination history as a matter of law and fairness.

This objection should be overruled.

\*       \*       \*

In sum, Plaintiffs' objections to Mr. Candy's Affidavit are not well-founded, and they should be overruled as a matter of law.

## CONCLUSION

WHEREFORE, for the reasons stated herein, Plaintiffs' Motion to Strike should be denied, except as to Mr. Carden's letter.

Respectfully submitted,

/s/ Jan I. Berlage
Jan I. Berlage    23937
Gohn Hankey & Berlage LLP
201 N. Charles Street, Suite 2101
Baltimore, Maryland 21201
Tel.: (410) 752-1261
Fax.: (410) 752-2519
jberlage@ghsllp.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 18 April 2022 a copy of Defendants' Opposition to Plaintiffs' Motion to Strike was served via email and CM/ECF to:

Adam Abelson, Esquire
Zuckerman Spaeder, LLP
100 East Pratt Street, Suite 2440
Baltimore, Maryland 21202
aabelson@zuckerman.com

Caitlin K. Hawks, Esquire
James Andrew Erselius, Esquire
Zeynep J. Graves, Esquire
PETA Foundation
2154 West Sunset Blvd.
Los Angeles, California 90026
caitlinH@petaf.org
jamese@petaf.org
zcynepg@petaf.org

Marcos E. Hasbun, Esquire
Zuckerman Spaeder, LLP
101 E. Kennedy Blvd., Suite 1200
Tampa, Florida 33602
mhasbun@zickerman.com

/s/ Jan I. Berlage
Jan I. Berlage    23937